## J. J. McADAMS v. STATE.

No. A-3393.    Opinion Filed Oct. 5, 1920.

(192 Pac. 428.)

Appeal from County Court, Garvin County; J. D. Mitchell, Judge.

J. J. McAdams was convicted of violation of the prohibitory liquor law, and he appeals. Appeal dismissed, and cause remanded, with directions.

Carr & Henderson, for plaintiff in error.

S. P. Freeling, Atty Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, J. J. McAdams, was convicted on a charge of unlawfully having intoxicating liquor, and in accordance with the verdict of the jury was sentenced to pay a fine of $50, and to be confined in the county jail for 30 days. From the judgment rendered on the 12th day of February, 1918, an appeal was attempted to be taken by filing in this court on June 13, 1918, a petition in error with case-made. The Attorney General, on July 8, 1920, filed motion to dismiss the appeal on the following grounds:

"First. Judgment was rendered on the above-entitled cause on the 12th day of February, 1918, and the record was not filed in this court until June 13, 1918, which was more than 60 days and more than 120 days thereafter; that the plaintiff in error on the day of the rendering of said judgment procured an order allowing him 90 days from that date in which to appear and serve case-made, but did not procure any order extending the time for filing appeal in this court. Second. Notice of appeal was not served upon the county attorney, as required

by statute. Third. The certificate of the trial judge of the case-made is not attested by the court clerk, or the seal of the court thereto attached."

An examination of the record discloses that the motion of the Attorney General is well taken. The statute (Comp. Laws 1909, § 6948) limiting the time within which appeals can be taken to this court is mandatory. An appeal from a judgment of conviction in a misdemeanor case must be taken within 60 days, unless for good cause shown the trial court makes an order, extending the time not to exceed 60 days additional. There was no order extending the time made in this case, and appeal was filed on the 121st day after the judgment was rendered. It is therefore ordered that the purported appeal be, and the same is hereby, dismissed, and the cause remanded to the trial court, with direction to cause its judgment and sentence to be carried into execution.