## JAKE HEATH v. STATE.

No. A-4373.    Opinion Filed Nov. 28, 1922.

(210 Pac. 560.)

(Syllabus.)

1. **Appeal and Error—Time for Appeal of Felony Case.** Under Code of Criminal Procedure (section 2808, Comp. Stat. 1921), "in felony cases the appeal must be taken within six months after the judgment is rendered," and when it appears from the record that such appeal was not perfected within six months from the rendition of the judgment, the same will be dismissed for want of jurisdiction.

2. **Same—Bail—Appeal Bond Rendered Ineffective by Failure to Perfect Appeal in Time.** The power and authority of trial courts to allow bail and to fix the amount of the appeal bond pending appeal can only be exercised in the manner provided by the statute (section 2811, Comp. Stat. 1921), and where

a defendant fails to make and serve a case-made within the time allowed by the statute, or within such extended time as may be allowed by the trial court, or where he fails to file his petition in error in the appellate court as required by law, he thereby waives his right to have the execution of the judgment stayed, and the appeal bond given ceases to be effective as a supersedeas.

Appeal from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Jake Heath was convicted of larceny of live stock, and he appeals. Appeal dismissed, and cause remanded, with direction to enforce judgment.

Murphy & Duncan, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Jake Heath, was tried and convicted on an information charging the theft of nine cows, the property of C. A. Duncan, and in accordance with the verdict of the jury he was on the 15th day of June, 1921, sentenced to serve a term of two years' imprisonment in the penitentiary at McAlester. From the judgment an appeal was attempted to be taken by filing in this court on June 12, 1922, a petition in error with case-made. The Attorney General has filed a motion to dismiss the appeal on the ground that the appeal was not filed within the time required by statute; therefore this court is without jurisdiction to hear and determine the same.

The appeal in a criminal case is from the judgment of conviction and "in felony cases the appeal must be taken within six months after the judgment is rendered." Section 2808, Comp. Stats. 1921. The appeal is taken by filing in this court a petition in error with case-made attached, or a transcript of the record, together with proof of service of notice of

appeal as required by the statute. Section 2809, Comp. Stat. 1921. When this is not done within the time allowed by statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed. Clark v. State, 18 Okla. Cr. 145, 193 Pac. 1008.

The record shows: That the court rendered judgment on the verdict on the 15th day of June, 1921. The court fixed the amount of his appeal bond, which was given, and the execution of the judgment stayed pending the filing of the appeal as required by law. Section 2811, Comp. Stat. 1921. Time was given to make and serve a case-made. That on the 1st day of August, 1921, the defendant made application for and was granted an additional extension of time up to and including the 15th day of October, in which to make and serve a case-made. That on the 15th day of October, 1921, the defendant made application for and was granted an additional extension of time up to and including the 5th day of November, 1921, in which to make and serve a case-made. It further appears that on the 7th day of January, 1922, after six months had expired from the date of the rendition of the judgment, counsel for the defendant filed a motion to have the trial court "make an order requiring the county attorney to submit a journal entry of judgment in this cause," and "to make an order fixing the time within which to make, serve, and settle a case-made after the submission of the journal entry of judgment aforesaid, for the purpose of taking an appeal to the Criminal Court of Appeals." The county attorney made application to the court for a nunc pro tunc entry of the judgment, which was sustained, and judgment nunc pro tunc was entered on January 10, 1922.

The question here presented was directly passed upon in the case of Dunn v. State, 18 Okla. Cr. 493, 196 Pac. 739. In the opinion it is said:

"The appeal is from the judgment against the defendant, and in a felony case must be taken within six months from the time the judgment is rendered. It will be noted that the word 'rendered' is used in the statute, but the defendant in this case contends that the statute contemplates that the time in which an appeal may be taken should be reckoned from the time the judgment was entered nunc pro tunc. It is not for this court to construe into a plain, unambiguous statute provisions not therein expressed, for the reason that, in the view of the court, the statute should contain other or modifying provisions. The Legislature could as easily have provided that the time should run from the day the clerk made the judgment entry, but it did not do so. The clerk's record is the best evidence of the judgment and sentence; but if this record is incomplete, but enough appears to indicate the scope of the judgment rendered, the omissions can be supplied by appropriate orders of the trial court, or by application to this court. The validity of the judgment cannot be avoided as between the parties because the clerk failed to perform his ministerial duties in making up the records. In ordinary legal parlance, judgment and sentence have the same meaning and where, through the negligence or omission of the clerk, the judgment rendered is defective or incomplete, the court may, upon a proper showing, require the clerk to make the record conform to the facts. Petition of Breeding, 75 Okla. 169, 182 Pac. 899; Ex parte Lyda Howland, 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840; 17 C. J. 32, title, 'What Constitutes Final Judgment'; 8 R. C. L. 246; 16 C. J. 1266. * * * Moreover, a person having a right of appeal may lose that right by waiver or estoppel. In this case an appeal was originally prayed for and granted; the defendant thus admitting that a judgment and sentence against him had been rendered. Time was given and extended in which to prepare an appeal. The court fixed the amount of the supersedeas bond, which was by the defendant executed and approved by the clerk, and the defendant was given his liberty pending the appeal. The defendant could perfect and prosecute his appeal, or he could abandon and waive it, as was done in this case."

The power and authority of trial courts to allow bail and to fix the amount of the appeal bond pending the appeal can only be exercised in the manner provided by the statute. Section 2811, Comp. Stat. 1921. Otherwise a defendant, when he has perfected his appeal, must apply to this court for a supersedeas order fixing the amount of his appeal bond, and where the defendant fails to make and serve a case-made within the time allowed by the statute, or within such extended time as may be allowed by the trial court or judge thereof, or where he fails to file his petition in error in the Criminal Court of Appeals as required by law, he thereby waives his right to have execution of the judgment stayed pending the perfection of his appeal, and any appeal bond given ceases to be effective as a supersedeas. Killough v. State, 6 Okla. Cr. 311, 118 Pac. 620.

For reasons therein stated, the motion of the Attorney General must be sustained. The attempted appeal herein is therefore dismissed, and the cause remanded to the district court of Osage county, with direction to enforce its judgment therein.

MATSON and BESSEY, JJ., concur.