## HENRY A. HERMAN v. STATE.

No. A-3937. Opinion Filed May 19, 1923.

(214 Pac. 1084.)

(Syllabus.)

1. **Appeal and Error—Necessity for Final Judgment.** In a criminal cause a defendant as a matter of right may appeal from any judgment against him, but the appeal can only be taken after final judgment has been rendered.

2. **Same—Appeal from Order Overruling Motion for New Trial Dismissed.** Where defendant appeals from an order overruling his motion for a new trial, the appeal will be dismissed for want of jurisdiction.

Appeal from District Court, Caddo County; Will Linn, Judge.

Henry A. Herman was convicted of assault and battery with intent to kill, and he appeals. Appeal dismissed.

Walter & Hilpirt, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. In the information in this case, filed in the district court of Caddo county on the 23d day of August, 1920, Henry A. Herman was charged with the crime of assault and battery with intent to kill one A. B. Gentry. Being tried upon the information, he was found guilty of the crime charged upon the verdict of a jury, and his punishment fixed at imprisonment in the penitentiary for a period of 10 years, which verdict was returned in open court on the 4th day of September, 1920. On the same day a motion for new trial was filed, also motion in arrest of judgment on the ground that there is a doubt as to the sanity of the defendant, and asking that a jury be impaneled to inquire into the fact of his sanity at this time.

The record shows that on the 16th day of September, 1920, the motion for new trial was overruled. Thereupon counsel

for defendant gave notice in open court of intention to appeal and asked that the same be spread of record, which notice was duly made of record, and the court allowed the defendant 90 days in which to make and serve a case-made, the state to have 10 days thereafter in which to suggest amendments, the same to be signed and settled upon 5 days' notice in writing by either party to the other.

It also appears that thereafter on the same day came on for hearing the motion in arrest of judgment, and a jury was duly impaneled to inquire into the alleged insanity of defendant, and upon the hearing the jury returned their verdict finding that the said defendant was at this time insane.

Thereupon the court ordered:

"That the said Henry A. Herman be confined in the state asylum for the criminal insane at Norman, Okla., until he is cured of said insanity, or adjudged by any court of competent jurisdiction to be sane, then that he be delivered by the authorities having him in charge into the custody of the sheriff of Caddo county, Okla., to be dealt with according to law in this court and be sentenced to serve a term in the penitentiary of the state of Oklahoma in accordance with the verdict herein."

To reverse the conviction an appeal was attempted to be taken by filing in this court of March 12, 1921, a petition in error with case-made.

The errors assigned question the sufficiency of the evidence to sustain the verdict; that the court erred in overruling defendant's demurrer to the information; that the court erred in giving certain instructions; and that the court erred in overruling the motion for a new trial.

Under the provisions of the Code of Criminal Procedure the defendant as a matter of right may appeal from any judgment again him (Comp. Stats. 1921, § 2805), but no appeal

can be taken until after final judgment has been rendered against him.

In McLellan v. State, 2 Okla. Cr. 633, 103 Pac. 876, it is held that:

"Where a defendant attempts to take an appeal from a judgment overruling a motion for a new trial, the appeal will be dismissed."

In Dansby v. State, 7 Okla. Cr. 496, 124 Pac. 328, it is held:

"An appeal in a criminal case cannot be taken until after judgment against the appellant has been rendered, and, where the record fails to show that such judgment has been rendered, an attempted appeal will be dismissed."

In Harjoe v. State, 14 Okla. Cr. 187, 169 Pac. 659, it is said:

"When an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of conviction, such record or case-made presents no question to this court for its determination, and the appeal will be dismissed for want of jurisdiction."

It appearing from the record that no judgment has been rendered or sentence pronounced upon the verdict rendered by the jury in this case, we are of opinion that this court is without jurisdiction to consider the appeal.

The appeal herein is therefore dismissed.

MATSON, P. J., and BESSEY, J., concur.