## JOE DODSON v. STATE.

No. A-4228.  Opinion Filed Aug. 30, 1923.
(217 Pac. 899.)

(Syllabus.)

**Appeal and Error—Appeal Dismissed Where not Filed Within Statutory time.** The appeal in felony cases must be filed in this court within six months after the judgment is rendered, and if the appellant fails to file a transcript of the record or case-made with petition in error in this court within such time, this court does not acquire jurisdiction of such appeal, and the appeal will be dismissed.

Appeal from District Court, Cleveland County; W. L. Eagleton, Judge.

Joe Dodson was convicted of manslaughter in the first degree, and he appeals. Appeal dismissed.

Hutchins & Burke and J. B. Dudley, for plaintiff in error.

The Attorney General, for the State.

MATSON, P. J. On the 5th day of July, 1920, the county attorney of Cleveland county filed in the district court of said county an information charging the plaintiff in error, Joe Dodson, with the murder of one R. L. Snyder alleged to have been committed in said county on the 30th day of June, 1920. The trial was had to a jury in August, 1921, resulting in a verdict of guilty of manslaughter in the first degree, with punishment fixed at imprisonment in the state penitentiary for a term of four years. Motion for a new trial was filed, heard, and overruled, and judgment rendered on the 3d day of September, 1921, in accordance with the verdict. Petition in error and case-made were filed in this court on the 4th day of March, 1922, more than six months after rendition of the judgment.

Section 2808, Compiled Statutes 1921, in part provides:

"In felony cases the appeal must be taken within six months after the judgment is rendered."

The appeal must be filed in this court within the time prescribed by the foregoing section, and if the appellant fails to file a transcript of the record or case-made with petition in error in this court within the time prescribed by said section this court does not acquire jurisdiction of such appeal and the appeal will be dismissed. Farmer v. State, 5 Okla. Cr. 151, 114 Pac. 753; Pinchback v. State, 14 Okla. Cr. 302, 170 Pac. 714; Gordon v. State, 12 Okla. Cr. 103, 152 Pac. 142; Clark v. State, 12 Okla. Cr. 105, 152 Pac. 143.

It appears from the record in this case that the petition in error and case-made were not filed with the clerk of this court within six months after the judgment was rendered. They were filed one day too late. The statute is mandatory that the appeal must be lodged in this court within six months after rendition of the judgment in felony cases. If the appeal could be filed one day late, it could be filed any number of days late. So that it is apparent, if this court would assume jurisdiction of an appeal lodged one day late, it should also assume jurisdiction of an appeal filed one year too late. The Legislature has fixed six months as a reasonable time within which to file an appeal in felony cases, and this court is bound by the time so fixed.

For the reason that this court has never acquired jurisdiction of this appeal, the same is dismissed, and the case remanded to the trial court, with directions to enforce the judgment and sentence.

BESSEY, J., concurs.

DOYLE, J., absent, not participating.