GEORGE PRIMROSE et al. v. STATE.

No. A-4967. Opinion Filed Feb. 12, 1924.

(222 Pac. 702.)

(Syllabus.)

**Appeal and Error—Appeal of Felony Case, not Perfected Within Six Months from Judgment, Dismissed.** Under Code of Criminal Procedure (section 2808, Comp. Stat. 1921), "in felony cases the appeal must be taken within six months after the judgment is rendered," and when it appears from the record that such appeal was not perfected within six months from the rendition of the judgment, the same will be dismissed for want of jurisdiction.

Appeal from District Court, Garvin County; W. L. Eagleton, Judge.

George Primrose and Dempse Brown were convicted of rioting, and they appeal. Appeal dismissed.

Bowling & Farmer, for plaintiff in error.

The Attorney General and John Barry and Mac. Q. Williamson, Asst. Attys. Gen., for the State.

DOYLE. J, The plaintiffs in error, George Primrose and Dempse Brown, were tried for riot, upon an information charging that in Garvin county, on or about the 7th day of August, 1922, they and others did assemble with the common intent and purpose to use force and violence upon R. D. Lindsey and his wife, and—

"they, the said George Primrose, Bernie Primrose, Alva Baxter, Harry Hendricks, Orvil Hendricks, Carl Jerrell, Earnest Bradford, Bryant Blackwood, Vernon Richardson, Bill Richardson, and Dempse Brown, then and there being and acting

together in furtherance of said unlawful common intent, and acting together and being disguised, and armed with certain pistols, shotguns, and rifles, did then and there unlawfully, willfully, feloniously, tumultuously and riotously use force and violence toward and upon the said R. D. Lindsey and Mrs. R. D. Lindsey, by then and there forcibly detaining and aiming and pointing said firearms at and toward the persons of the said R. D. Lindsey and Mrs. R. D. Lindsey, then and there overcoming the resistance of them, the said R. D. Lindsey and Mrs. R. D. Lindsey, and by assaulting, striking, beating, whipping, and wounding the said R. D. Lindsey and Mrs. R. D. Lindsey with a certain leather strap and other means and weapons, to your informant unknown.''

The jury by their verdict found the plaintiffs in error guilty, and fixed the punishment of George Primrose at imprisonment in the penitentiary for a term of 2½ years, and fixed the punishment of Dempse Brown at imprisonment in the penitentiary for a term of 2 years. From the judgments rendered October 30, 1922, upon such conviction, an appeal was attempted to be taken by filing in this court, on December 20, 1923, a petition in error with transcript attached.

Counsel for the state have filed a motion to dismiss the appeal on the ground that the appeal was not filed within the time required by the statute; therefore this court is without jurisdiction to hear and determine the same. The appeal in a criminal case is from the judgment of conviction, and ''in felony cases the appeal must be taken within six months after the judgment is rendered.'' Sec. 2808, Comp. Stats. 1921. An appeal is perfected by filing in this court a petition in error with case-made attached, or a transcript of the record together with proof of service of notices of appeal as required by the statute. Section 2809, Comp. Stats. 1921. When this is not done within the time allowed by statute, this court does not acquire jurisdiction of the appeal, and

such appeal will be dismissed.   Clark v. State, 18 Okla. Cr. 145, 193 Pac. 1008; Dunn v. State, 18 Okla. Cr. 493, 196 Pac. 739; Heath v. State, 22 Okla. Cr. 122, 210 Pac. 560.

The record shows: That the court rendered judgment on the verdict on the 30th day of October, 1922, and the court fixed the amount of supersedeas bonds, which were given, and the execution of the judgment stayed pending the filing of the appeal as required by law.   Section 2811, Comp. Stat. 1921.   Time was given to make and serve a case-made.   It further appears that on December 10, 1923, the county attorney filed his motion in the trial court asking orders of commitment to issue, setting forth the fact that, although notices of appeal were given by each of the defendants and supersedeas bonds timely filed in accordance with the orders of the court, that the proceedings of perfecting the said appeal are at this time in default, and the time for perfecting the same has long since passed, which motion was by the trial court allowed.   December 18, 1923, the defendants filed a motion for a new trial, on the ground that the trial court was without jurisdiction to hear and determine this action. The motion for a new trial was on the same day overruled, and time was given to make and serve a case-made.

For the reasons given in the cases above cited, the motion to dismiss is sustained.   The attempted appeal herein is accordingly dismissed, and the cause remanded to the district court of Garvin county, with direction to cause its judgments to be carried into execution.

MATSON, P. J., and BESSEY, J., concur.