## PRIEST HICKMAN v. STATE.

No. A-5695. Opinion Filed Dec. 5, 1925.
Rehearing Denied Jan. 23, 1926.
(242 Pac. 270.)

See, also, 32 Okla. Cr. 40, 239 P. 1118.

Sigler & Jackson, for plaintiff in error.

Geo. F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. On March 5, 1921, plaintiff in error,

Priest Hickman, here designated the defendant, was by the judgment of the district court of Carter county sentenced to the state penitentiary for a term of one year and three months, based upon a verdict of a jury finding him guilty of assault with intent to kill. Notice of an appeal was given, and the defendant was set at liberty upon a supersedeas bond, but the appeal was not perfected. There was a motion for a new trial in the lower court, filed on March 7, 1921, but the record does not affirmatively show what action, if any, was taken upon this motion.

On the 20th day of March, 1925, the defendant moved the district court of Carter county to vacate the judgment theretofore rendered against him by a nunc pro tunc order. Upon a hearing on this motion, at which evidence supporting the motion and controverting the same, was heard, the court made the following order:

"Now on this 21st day of March, 1925, this matter came on for hearing upon the application of the defendant for an order nunc pro tunc sustaining his motion for a new trial herein, and also a motion of the said defendant to correct the record and strike from the record the purported sentence in this case. And the court, after hearing the same, overruled both motions, to which action the said defendant duly excepted. Whereupon said defendant requests the court to take action upon his motion for a new trial, which the court refused to do; the defendant then and there excepted. Whereupon said defendant filed in this court a motion for rehearing upon said matter, which motion was overruled, to which action of the court the defendant then and there excepted; and the defendant in open court gave notice of his intention to appeal to the Criminal Court of Appeals on said actions, and the defendant was granted 60 days in which to prepare and serve a casemade, and the state allowed 10 days in which to suggest amendments, and cause to be settled within 3 days' notice to either party."

On July 14, 1925, an appeal from this order was filed in this court.

Section 2805, Comp. Stat. 1921, provides that an appeal may be taken by a defendant as a matter of right from any "judgment against him." Sections of the statutes following prescribe the manner of taking such appeal, and provide, among other things, that an appeal from the judgment of conviction in a felony case must be taken within six months from its rendition. Heath v. State, 122 Okla. Cr. 122, 210 P. 560. A consideration of the order quoted, from which this appeal is attempted to be prosecuted, discloses that it is not a judgment or final order from which an appeal lies. It will serve no good purpose to recite the reasons why this defendant had for a period of nearly five years evaded the penalty assessed by the court. It is sufficient to say that this court will indulge in no further dilatory proceedings.

The appeal is dismissed, and a mandate ordered issued forthwith ordering the execution of the original judgment against the defendant according to the terms thereof.

DOYLE and EDWARDS, JJ., concur.