## V. M. COATES v. STATE.

No. A-5411.   Opinion Filed March 13, 1926.
(244 Pac. 62.)

334

W. D. Cope and Grace Arnold, for plaintiff in error,

The Attorney General and Houston B. Teehee, Asst. Atty. Gen., for the State.

BESSEY, P. J.   The Attorney General has filed a motion to dismiss this appeal because it was not lodged in this court within six months from the date of the rendition of the judgment of conviction in the court below. The plaintiff in error contends that, by reason of the death of the court reporter and the loss of some of the records in the district court, he was unable to prepare his case-made for appeal within the time allowed by the court or within the statutory period for taking the appeal.

The judgment of conviction was rendered on the 20th day of March, 1924.  At that time, time was given to make and prepare a case-made, which time was by the court from time to time extended.   On the 23d day of October, 1924, more than six months from the date of the rendition of the judgment, the plaintiff in error filed a motion for a new trial in the lower court, on the ground that he had been unable to make and prepare his case-made for appeal, because of the death of the court reporter, who had reported the trial, and the loss of some of the files in the case, including the stenographic notes of the testimony.   This motion for a new trial was by the court overruled.

An appeal to this court lies from any judgment against the accused. Section 2805, Comp. Stat. 1921. This court has construed the meaning of "any judgment" to be a final judgment of conviction, as distinguished from orders denying motions, or orders made subsequent to the rendition of the judgment of conviction. Hickman v. State, 33 Okla. Cr. 111, 242 P. 270; McLellan v. State, 2 Okla. Cr. 633, 103 P. 876. An appeal, therefore, cannot be taken from an order overruling a motion for a new trial on the ground of inability to prepare a case-made for the appeal, as above outlined.

The statute authorizes two methods by which an appeal may be taken to this court: (1) After due notice, by filing in this court a case-made, with a petition in error attached; (2) by filing a transcript of the record, with a petition in error attached. Sections 2813, 2814, Comp. Stat. 1921.

With either method, in a felony case, the appeal must be lodged here within six months from the date of the rendition of the judgment of conviction. Section 2808, Comp. Stat. 1921; Heath v. State, 22 Okla. Cr. 122, 210 P. 560; Dodson v. State, 24 Okla. Cr. 280, 217 P. 899; Primrose v. State, 26 Okla. Cr. 138, 222 P. 702.

If, for any reason, the person convicted cannot procure the case-made for the purpose of perfecting his appeal within the statutory period, he should take the other method, and appeal by transcript. Then, if he later desires to amplify the record by supplying omissions or desires to incorporate a transcript of the testimony, this court may make appropriate orders permitting him to reform the record already on file. Lambe v. State, 27 Okla. Cr. 156, 225 P. 572. But whichever method of appeal is taken in a felony case, the doors to an appeal automatically close six months after the rendition of the judgment of conviction.

The motion of the Attorney General is sustained, and the appeal dismissed, with instructions to the trial court to order the execution of the judgment rendered below.

DOYLE and EDWARDS, JJ., concur.