## LEOTIS ALTIZER v. STATE.

No. A-8800.   Sept. 10, 1936.
(60 Pac. [2d] 812.)

Nat Henderson, E. F. Lester, and W. G. Stigler, for plaintiff in error.

The Attorney General and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged in substance that Leotis Altizer did in Haskell county on or about the 18th day of November, 1933, commit the crime of assault with intent to kill by making an assault upon W. L. Parker, with a deadly weapon, to wit, a pistol, and did attempt to shoot and kill the said W. L. Parker. The jury by their verdict found the defendant guilty of assault with a dangerous weapon and assessed his punish-

ment at imprisonment for one year in the state penitentiary. On February 21 the verdict was returned and filed. On February 23, 1934, motion for new trial was duly filed.

On March 11, 1934, an appeal bond was filed which recites:

"The said Leotis Altizer, principal, has appealed to the Criminal Court of Appeals of the State of Oklahoma from a judgment of conviction rendered against him for the crime of assault with a dangerous weapon."

On September 5, 1934, what purports to be a partial transcript of the record was filed in this court.

The Constitution of this state gives to every defendant in a criminal case the right of appeal. The statutes provide the method and time of exercising this right.

Section 3189, St. 1931, provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal any decision of the court, or intermediate order made in the progress of the case may be reviewed."

The statute authorizes two methods by which an appeal may be taken to this court.

First, after due notice (section 3193), by filing in this court a case-made with a petition in error attached.

Second, by filing a transcript of the record duly certified, with a petition in error attached. Sections 3197, 3198.

With either method in a felony case the appeal must be lodged here within six months from the date of the rendition of the judgment. Section 3192.

When this is not not done within the time allowed by statute, this court does not acquire jurisdiction of the appeal, and such an appeal will be dismissed. Dunn v. State, 18 Okla. Cr. 493, 196 Pac. 739; Heath v. State, 22 Okla. Cr. 122, 210 Pac. 560; Dodson v. State, 24 Okla. Cr. 280, 217 Pac. 899; Primrose v. State, 26 Okla. Cr. 138, 222 Pac. 702.

Section 3146 provides:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:

"First. The indictment and a copy of the minutes of the plea or demurrer.

"Second. A copy of the minutes of the trial.

"Third. The charges given or refused, and the indorsements, if any, thereon; and,

"Fourth. A copy of the judgment."

An examination of the purported transcript of the record filed in this case discloses that the same does not contain a copy of the judgment and does not otherwise show that the same was filed in this court within six months from the date of the rendition of the judgment. It further appears that said purported transcript of the record was not certified to by the clerk of the court.

On August 10, 1935, motion to amend case-made was filed herein to amend the case-made in order to show the judgment rendered by the trial court. Leave to amend was granted but no such amendment has been made.

In the case of Coates v. State, 33 Okla. Cr. 333, 244 Pac. 62, this court held:

460

"An appeal to this court, in a felony case, must be lodged here within six months from the date of the rendition of the judgment of conviction, and this period cannot be extended by subsequent orders of this or the trial court."

In Dobbs v. State, 5 Okla. Cr. 475, 114 Pac. 358, 115 Pac. 370, it is held that: If the transcript of the record is not properly certified to by the clerk of the court, the appeal will be dismissed. On rehearing this court further held:

"A certificate to a transcript of the record from a district court, not verified by the seal of such court, is no more than so much blank paper, and will not give this court jurisdiction to consider an appeal upon such pretended transcript of the record."

Upon the record before us and for the reasons stated, we are of the opinion that this court has never acquired jurisdiction of this appeal; the attempted appeal in this case is therefore dismissed, and the cause remanded to the district court of Haskell county with direction to enforce the judgment and sentence.

EDWARDS, P. J., and DAVENPORT, J., concur.