Carl C. Wever, of Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Ershel Elam, plaintiff in error in this case, was convicted of manslaughter in the first degree and his punishment fixed by the jury at imprisonment for 50 years in the state penitentiary.

In the information filed in the district court of Osage county by Sim T. Carman, county attorney, Ershel Elam was charged with the murder of one Sam Baker, alleged to have been committed in said county on the 12th day of April, 1939, by making an assault upon the said Sam Baker, by striking him with his fist, thereby knocking him down and by kicking him with his feet, about the face and head numerous times with such force as to mortally injure and kill the said Sam Baker, then and thereby inflicting certain mortal wounds, of which the said Sam Baker did on the 12th of April, 1939, die.

From the judgment rendered in accordance with the verdict on June 9, 1939, an appeal was attempted to be

taken by filing in this court on December 13, 1939, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal on the ground that the petition in error and case-made was not filed in the office of the Clerk of this court within the time required by statute, therefore this court is without jurisdiction to hear and determine the same, and moves that said appeal be dismissed.

The Code of Criminal Procedure, section 3192, 22 Okla. St. Ann. § 1054, in part reads:

"* * * In felony cases the appeal must be taken within six months after the judgment is rendered. * * *"

In this case the time for filing the appeal in this court expired three days before the petition in error with case-made was filed with the clerk of this court.

It has been uniformly held that in order to give this court jurisdiction, the appeal as prescribed by section 3192, supra, must be filed with the clerk of this court within the time which an appeal may be taken, and, where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed. Howey v. State, 9 Okla. Cr. 453, 132 P. 499; Dunn v. State, 18 Okla. Cr. 493, 196 P. 739; George v. State, 21 Okla. Cr. 240, 205 P. 942; Heath v. State, 22 Okla. Cr. 122, 210 P. 560; Criner v. State, 37 Okla. Cr. 313, 258 P. 359; Easterwood v. State, 38 Okla. Cr. 72, 259 P. 181.

Judgment having been rendered in this case in the trial court on the 9th day of June, 1939, and the petition in error with case-made not having been filed in this court

until the 13th day of December, 1939, this court never acquired jurisdiction of the appeal.

For the reasons therein stated, the motion of the Attorney General must be sustained. The attempted appeal herein is therefore dismissed, and the cause remanded.

BAREFOOT and JONES, JJ., concur.