# ADOLPH WYATT v. STATE.

No. A-10469.   Oct. 25, 1945.

(162 P. 2d 884.)

Hatcher, Hatcher & Taylor, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and E. J. Broaddus, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Adolph Wyatt, was charged by information filed in the district court of Oklahoma county with the crime of attempted assault with a dangerous weapon; was tried, convicted by a jury who left the punishment to the court; the trial court thereupon sentenced the defendant to serve the maximum term of 2½ years in the State Penitentiary, and he has appealed.

The state has filed a motion to dismiss the appeal on the ground that the petition in error with case-made attached was not filed with the clerk of this court within the six months fixed by statute, and, therefore, this court is without jurisdiction to hear and determine the appeal.

The record discloses that the jury returned its verdict on May 11, 1943, finding the defendant guilty and leaving the punishment to be assessed to the discretion of the court.   The court thereupon fixed May 17, 1943, as the time to pronounce judgment and sentence in accordance with the jury's verdict.   On May 17, 1943, the defendant was sentenced to serve 2½ years in the State Penitentiary.   Thereafter, on May 20, 1943, the defendant filed a motion for new trial.   This motion was presented to the district court on May 26, 1943 and was overruled.   The petition in error with case-made attached was filed in this court on November 26, 1943, which was exactly six months from the date of the overruling of the motion for new trial, but was more than six months after the rendition of judgment.

By statute, it is provided:

"An appeal from a judgment in a criminal action may be taken in the manner and in the cases prescribed in this article."   22 O. S. 1941, § 1052.

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered:   Provided,

however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months·after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed." 22 O. S. 1941 § 1054.

This court has many times had occasion to pass upon the question herein raised. It has been uniformly held that, in order to give this court jurisdiction, the appeal, as prescribed by 22 O. S. 1941 § 1054, supra, must be filed with the clerk of this court within six months after the judgment and sentence is pronounced against the accused, and, where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record, within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal and such appeal will be dismissed. Johnson v. State, 70 Okla. Cr. 322, 106 P. 2d 128; Herman v. State, 23 Okla. Cr. 366, 214 P. 1084; Easterwood v. State, 38 Okla. Cr. 298, 260 P. 789; George v. State, 21 Okla. Cr. 240, 205 P. 942; Criner v. State, 37 Okla. Cr. 313, 258 P. 359; Dodson v. State, 24 Okla. Cr. 280, 217 P. 899.

In Dodson v. State, supra, it is stated:

"If the appeal could be filed one day late, it could be filed any number of days late. So that it is apparent, if this court would assume jurisdiction of an appeal filed one day late, it should also assume jurisdiction of an appeal filed one year too late. The Legislature has fixed six months as a reasonable time within which to file an appeal in felony cases, and this court is bound by the time so fixed."

Counsel confused the rule of procedure in civil cases with the rule of procedure in criminal cases. Under

criminal procedure it is provided that the motion for new trial must be filed before the judgment is pronounced. 22 O. S. 1941 § 953.

It is regrettable that the appeal herein was not filed within the time fixed by law. We have examined the record and, if this court had jurisdiction, it would either reverse or greatly modify the sentence imposed. The defendant was charged with attempted assault with a dangerous weapon upon his brother, C. A. Wyatt. The parties were negroes. On the night in question, a celebration was being had at the home of a brother of the defendant, Roy Wyatt, in honor of another brother who was at home on furlough from the Coast Guard. The defendant had been drinking. While eating a sandwich, he dropped it on the floor and a small dog grabbed it. The defendant kicked at the dog and he and Roy Wyatt, owner of the dog, had an argument which resulted in an altercation in the yard between the defendant and Roy Wyatt. Roy Wyatt was older and stronger than the defendant and apparently controlled him with ease. The defendant became enraged at Roy Wyatt and stated, according to the evidence of the state, "I will go home and get my shotgun and come back and shoot anyone who sticks his head up." The defendant left. While he was gone, the party broke up, the lights were extinguished in the house, and everybody left. C. A. Wyatt, the complaining witness herein, up to this point had had no altercation with the defendant at all. However, he did notify the negro police officers of what the defendant had said and the officers in a scout car came over to the house looking for the defendant. About 30 minutes later, they found him with two shotgun shells in his pocket. A search of the house where the party had been in progress disclosed that a single-barrel shotgun belonging to

the defendant was laying across a box near the back door. No person testified that they had ever seen the defendant carrying the shotgun that night, but the circumstances were probably sufficient to show that he had brought it to the house after the other members of the party had left. These were all of the facts. The defendant did not point his shotgun at any person, did not fire a shotgun, was not seen with a shotgun, and never made any direct threat at the complaining witness, C. A. Wyatt. The struggle which he had in the yard was with Roy Wyatt, another brother, and not the complaining witness. The only threat which in any way could have been inferred to be directed at the complaining witness, C. A. Wyatt, was the statement of defendant that he would go get his shotgun and come back and shoot anyone that stuck his head up.

Upon the record in this case, this court is powerless to modify the judgment imposed or reverse the case. We have given this short review of the evidence so that the matter may be urged in an application for executive clemency. The jury who heard the evidence could not agree upon the punishment. He could have been given the minimum sentence of a small fine. Instead, the trial court assessed the maximum punishment of two and one-half years in the State Penitentiary. It is doubtful if any member of the jury under this record would have been in favor of the maximum term. No doubt the trial court in assessing the punishment gave strong emphasis to the fact that a few years before the time of this alleged controversy, the defendant had shot and wounded the complaining witness.

For the reasons hereinbefore stated, the motion by the Attorney General to dismiss the appeal must be sustained. The appeal is hereby dismissed and the case is

remanded to the district court of Oklahoma county with directions to cause the judgment to be carried into execution.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.