## CARTER v. STATE.

No. A-11175. March 29, 1950.

(216 P. 2d 594.)

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. Plaintiff in error, Ovid Franklin Carter, has appealed to this court from a judgment and sentence of the district court of Oklahoma county, made and entered on the 21st day of May, 1948, wherein he was found guilty of the crime of burglary in the second degree, after former conviction of a felony, and sentenced to a term of 10 years in the State Penitentiary at McAlester.

The Attorney General has filed a motion to dismiss the appeal based on the fact that said appeal was not taken within six months from the date on which the judgment was rendered.

Tit. 22 O. S. A. § 1054, provides:

" * * * In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

The petition in error, attached to which was the case-made, was not filed in this court until six months and three days from and after the day on which said judgment and sentence was made and entered, and, therefore, the appeal was not lodged in this court within six months after the judgment of conviction was rendered. See Smith v. State, 20 Okla. Cr. 123, 201 P. 661, Johnson v. State, 70 Okla. Cr. 322, 106 P. 2d 126; Wyatt v. State, 81 Okla. Cr. 248, 162 P. 2d 884.

Counsel for plaintiff in error has filed a response to the Attorney General's motion, and sets out that he placed said petition in error and case-made in the United States postoffice, Tulsa, Okla., in sufficient time prior to expiration of the six months for it to have reached this court, but was unable to show what date he actually mailed said petition in error and case-made. It is undisputed that said petition and record did not reach the

office of the Clerk of this court until three days after the expiration of the six month period.

This question was before this court in Cannady v. State, 6 Okla. Cr. 634, 117 P. 653, and it was held that a delay caused by miscarriage of matter sent by mail is at the peril of counsel, since the law makes no provision for such delay.

Therefore, it is ordered that the purported appeal be and the same is hereby dismissed.

JONES, P. J., and BRETT, J., concur.