## ALEXANDER v. STATE.

No. A-11834.  Feb. 11, 1953.

(253 P. 2d 852.)

Amos T. Hall, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, P. J. The plaintiff in error, George Alexander, was charged in the district court of Pawnee county with the crime of "Shooting at another person with intent to kill such another person." The information charged that a .12 gauge shotgun was used and that the charge struck one Robert Thompson in the body, face and head, all in violation of section 652 of Title 21 O. S. A. 1941. The jury returned a verdict of guilty, but left the punishment to be fixed by the trial court. This was on February 18, 1952. On February 19, 1952, the court entered judgment in accordance with the verdict, but fixing the punishment at confinement of three years in the State Penitentiary. The court could, of course, have assessed a maximum sentence of ten years in the penitentiary, as provided by the statute above referred to. The court on the same day overruled a motion for new trial interposed by counsel for the defendant.

Under provision of Section 1054 of Title 22 O. S. 1951, the charge being a felony, the person charged and found guilty was, in order to have the appeal considered by this court, required to perfect his appeal within a period of six months from the date of entry of judgment. The six months expired on August 19, 1952. The case-made and petition in error were not filed in this court until August 22, 1952. No brief has ever been filed. The Attorney General has called these facts to the attention of this court by way of motion to dismiss appeal.

The record having been carefully examined by this court, and it affirmatively disclosing that the attempted appeal was not perfected within six months from the date of the entry of the judgment complained of, this court has no jurisdiction to consider the appeal. The statutory provisions are mandatory. We have no discretion in the matter. McAdams v. State. 17 Okla. Cr. 740, 192 P. 428; Fleetwood v. State, 16 Okla Cr. 675, 181 P. 157; Elam v. State, 70 Okla. Cr. 194, 105 P. 2d 432; Johnson v. State, 70 Okla. Cr. 322, 106 P. 2d 128; Higgins v. State, 61 Okla. Cr. 39, 65 P. 2d 546.

It is, therefore, ordered that the purported appeal be, and the same is hereby dismissed, and the cause remanded to the trial court, with directions to cause its judgment and sentence to be carried into execution.

JONES and BRETT, JJ., concur.