**Ollie GILES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12228.**

Criminal Court of Appeals of Oklahoma.

Dec. 14, 1955.

See, also, 97 Okl.Cr. 292, 262 P.2d 909.

Ollie Giles, pro se.

Githen K. Rhoads, County Atty., David J. Aubrey, Asst. County Atty., Lawton, for defendant in error.

BRETT, Judge.

The plaintiff in error, Ollie Giles, defendant below, was charged by information in the Superior Court of Comanche County, Oklahoma, with the crime of first degree manslaughter, allegedly committed on December 24, 1951, in the City of Lawton, in said County and State. The information alleged that, with premeditated design, he shot Charlie Ray Anderson with a shotgun and inflicted wounds upon him, from which the victim did then and there die. He was tried by a jury and convicted of first degree manslaughter; his punishment fixed at 25 years in the State Penitentiary; judgment and sentence was entered on said verdict on January 12, 1952, from which the attempted appeal filed herein on June 22, 1955, has been made. This appeal is by the defendant, without the aid of briefs or counsel.

It appears from the transcript of the evidence filed herein, that the defendant, Ollie Giles, became embroiled in an altercation in a crap game, and drinking bout, on the night of December 24, 1951. During the altercation, Charlie Ray Anderson slapped him. The defendant then and there stated to Anderson, "You shouldn't have done that"; immediately retired from the game, and left the place, and a few minutes thereafter, Charlie Ray Anderson was wounded by a shotgun fired from the dark, through the lighted window, into the inside of the room where the participants of the game were congregated. It appears there was testimony in the record from which the jury could reasonably conclude that the defendant was seen leaving the premises after the shooting. The record discloses that the defendant was so drunk, according to his own testimony, he

did not recall what happened after he left the place of the crap game. It appears that he went to the home of one John Craft, whose shotgun he had borrowed on other occasions. Upon arrival at Craft's he immediately went to where the shotgun was kept and said, "That is what I want." He procured the shotgun, but Craft did not know for what purpose he wanted it. Shortly thereafter, a shot was heard in the neighborhood, and the victim lay wounded inside the gambling room, and died soon thereafter.

■ There is no question but what there was ample evidence tending to support the jury's finding. We make these foregoing observations only because the defendant contends in his purported appeal that he was improperly represented at the trial. While it is true no one saw him fire the shot which killed Charlie Ray Anderson, the record shows that the jury could have arrived at no other conclusion.

The defendant testified in his own behalf, and admitted that he was so intoxicated he had no recollection of what transpired, and such was the gist of his defense. We have given the foregoing delineation of the evidence only because the defendant is laboring under the impression that he has been imposed upon. We are of the opinion that no fair-minded person could come to such a conclusion.

■ But there is another reason why we could not grant the defendant any relief herein, for the appeal was not perfected within the time prescribed by law. Under the provisions of 22 O.S.1951 § 1054, "In felony cases the appeal must be taken within six months after the judgment is rendered". This provision applies to appeals both by casemade and transcript. The record herein discloses that this appeal was taken more than three years after time for perfecting the same had expired, which is too late. Alexander v. State, 96 Okl.Cr. 300, 253 P.2d 852; McAdams v. State, 17 Okl.Cr. 740, 192 P. 428; Fleetwood v. State, 16 Okl.Cr. 675, 181 P. 157; Elam v. State, 70 Okl.Cr. 194, 105 P.2d 432; Johnson v. State, 70 Okl.Cr. 322, 106

P.2d 128, and Higgins v. State, 61 Okl.Cr. 39, 65 P.2d 546.

In all of the foregoing cases it has been held that where an attempted appeal was not perfected within six months from the date of entry of judgment complained of, in a felony case, this Court has no jurisdiction to consider the appeal. The statutory provisions contained in the hereinbefore referred to statute are mandatory.

The Court is therefore without jurisdiction to entertain this purported appeal, and the same is hereby dismissed.

JONES, P. J., and POWELL, J., concur.