Thomas FREEMAN, No. 62,351, Petitioner,
v.
Robert R. RAINES, Warden of Oklahoma State Penitentiary, Respondent.

No. A–12843.

Court of Criminal Appeals of Oklahoma.

June 1, 1960.

Thomas Freeman, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

On November 30, 1959 Thomas Freeman filed in this Court a transcript of the testimony in case No. 3399 in the district court of Choctaw County, Oklahoma, to which was attached an instrument designated "brief of plaintiff in error". Thereafter, and on January 26, 1960 he filed a transcript of the proceedings had in such case.

These instruments showed that judgment and sentence was entered in the case on October 17, 1958, and that Thomas Freeman was convicted of the crime of assault and battery with a dangerous weapon. He was sentenced to serve two years in the state penitentiary.

■ Of course at the time the first instrument was filed herein, the time provided by statute for appeal of a felony case, and being six months, had long since expired. 22 O.S.1951 § 1054 provides, in part:

"* * * In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

This provision of the statute applies to appeals both by case-made and transcript.

This Court has consistently held that the provisions of this section of the statute are mandatory, and that the statute with reference to the time within which appeals must be lodged with the clerk of the Court of Criminal Appeals, etc., must be strictly complied with; and that unless the appeal is filed within the statutory period, the court acquires no jurisdiction to hear and determine the appeal. Alexander v. State, 96 Okl.Cr. 300, 253 P.2d 852, 853; Giles v. State, Okl.Cr., 291 P.2d 831.

■ Since there was no possible way for this Court to assume jurisdiction of this case on appeal, we permitted the petition in error to be treated as a petition for writ of habeas corpus and the case to be filed as such, in order to give the petitioner a hearing. This Court has been liberal in granting such petitioners hearings, as we are determined to see that no one is de-

prived of his liberty without due process of law.

■ However, none of the matters complained of by this petitioner could properly be brought before this Court by habeas corpus, but are all questions to be raised on appeal. The province of habeas corpus proceedings is to inquire into jurisdictional matters, and it can not be made to perform the office of an appeal. Ex parte Newman, 67 Okl.Cr. 401, 94 P.2d 556; Perry v. Waters, 97 Okl.Cr. 17, 256 P.2d 1119.

■■ The sole question in habeas corpus is whether the court pronouncing the judgment had jurisdiction, and the matter of the guilt or innocence of petitioner is not a matter that may be inquired into.

We have carefully examined the information, the instructions of the court, and the judgment and sentence, and are convinced that the trial court had jurisdiction of the subject matter, of the person convicted, and jurisdiction to render the judgment complained of.

The petition for writ of habeas corpus is denied.

NIX and BRETT, JJ., concur.