# C. B. BENNETT v. STATE.

No. A-10332.    Oct. 11, 1944.

(152 P. 2d 388.)

O. A. Brewer, of Hugo, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.    This is an attempted appeal from a judgment of conviction in the district court of Choctaw county, where the defendant, C. B. Bennett, was sentenced to serve four years' imprisonment in the State Penitentiary for the crime of manslaughter in the first degree.

A petition in error, with what is denominated a case-made attached thereto, was filed in this court on Sep-

tember 23, 1942. Subsequent thereto, on May 8, 1943, by order of this court, said case was set for oral argument on May 27, 1943. At the time set for oral argument, no one appeared on behalf of defendant, and there have been no briefs filed in his behalf.

Subsequent thereto, the Attorney General filed a motion to dismiss the appeal and affirm the judgment, for the reason that the appeal had been abandoned, was taken for the purpose of delay only, and was wholly without merit. This motion to dismiss the appeal was set by order of this court for oral argument on September 20, 1944, and due notice thereof given to the defendant and his counsel of record. On said date, no appearance was made on behalf of said defendant and no response has been filed to the motion to dismiss.

It is the settled rule that, where the defendant appeals from a judgment of conviction and no briefs are filed and no argument presented, this court will examine the evidence to ascertain if it supports the verdict and examine the pleadings, instructions of the court, and the judgment; and, if no fundamental error is apparent, the judgment will be affirmed.

The instrument attached to the petition in error, which is called a case-made, is not a case-made. It does not set forth the evidence, and is not even sufficient to constitute a transcript of the record, as it does not include the information nor the judgment and sentence pronounced upon the verdict of conviction nor any other instrument except the motion in arrest of judgment. It is apparent from an examination of the record before us that the attempted appeal was taken solely for delay and is wholly without merit.

Subsequent to the submission of this cause on the motion to dismiss on September 20, 1944, there was filed an

application by counsel who stated that they had just been employed by defendant to investigate his case and prosecute his appeal and asking this court for an additional 60 days in which to file a brief. In view of the insufficiency of the record which has been filed herein, and in further consideration of the length of time said case has been pending on appeal in which absolutely nothing was done to perfect the appeal or respond to the various orders made by this court setting said cause for hearing or directing that briefs be filed, this court is of the opinion that the application for an additional 60 days should be denied. There is nothing in the record filed in this court upon which any assignment of errors could be based, and for that reason further delay would be wholly unjustified.

It is, therefore, ordered that the judgment and sentence of the district court of Choctaw county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.