## JACOB DANSBY v. STATE.

No. A-1161.　Opinion Filed June 15, 1912.

(124 Pac. 328.)

APPEAL—Record of Judgment—Dismissal.　An appeal in a criminal case cannot be taken until after judgment against the appellant has been rendered, and, where the record fails to show that such judgment has been rendered, an attempted appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County;*
*Robt. M. Rainey, Judge.*

Jacob Dansby was tried in the district court of Atoka county, charged with the offense of knowingly uttering a forged note, and he was found guilty by the jury, who assessed his punishment at confinement in the penitentiary for the period of one year and one day. The record fails to show that any judgment was ever rendered on this verdict. Defendant appealed. Dismissed.

*J. E. Whitehead,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.　The transcript of the record in this case contains the indictment, the testimony of the witnesses, the instructions of the court and the verdict of the jury. It also contains the motion for a new trial and a motion in arrest of judgment. But the record nowhere shows that these motions were ever presented to or acted upon by the court, neither does it show that any judgment was ever rendered by the court in this case.

An appeal in a criminal case cannot be taken until after final judgment has been rendered against the defendant. For a full discussion of this question, see *McLellon v. State,* 2 Okla. Cr. 633, 103 Pac. 876. This appeal must, therefore, be dismissed.

ARMSTRONG and DOYLE, JJ., concur.