## G. B. LOYD, WILL LOYD AND ARTHUR FENTON
## v. STATE.

No. A-2303.   Opinion Filed October 23, 1915.

(151 Pac. 1190.)

APPEAL—Record—Dismissal. Where an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of the trial court, this court does not acquire jurisdiction of the appeal and such an appeal will be dismissed.

*Appeal from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

G. B. Loyd, Will Loyd and Arthur Fenton, were convicted of grand larceny and appeal.   Appeal dismissed.

*E. D. Reasor,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiffs in error, G. L. Loyd, Will Loyd, Arthur Fenton, and Frank Laird were jointly informed against, and by the verdict of the jury found guilty of grand larceny. The information charged the larceny of four hundred and sixty pounds of seed cotton of the value of eighteen dollars and forty cents and three picking sacks of the value of three dollars, the personal property of A. J. Raper.

An appeal was attempted to be taken by filing in this court on July 1, 1914, a petition in error with case-made.   The petition recites that the state:

"at the October, 1913, term of the Superior Court of Pottawatomie county, Oklahoma, recovered a judgment, by the consideration of said court, against the said plaintiffs in error, in a certain action then pending in said court, wherein the said state of Oklahoma was plaintiff and G. B. Loyd *et al* were defendants. A certified transcript of the record of said court is hereto attached, marked 'Exhibit A.' "

An examination of the record discloses that the transcript contains no copy of the judgment referred to in the petition in error. By numerous decisions, it has been held that this court will not review proceedings of the trial court, unless the transcript of case-made contains a copy of the judgment of conviction from which the appeal is taken.

*Fowler* v. *State,* 11 Okla. Cr. 157; 143 Pac. 658;

*Dansby* v. *State,* 7 Okla. Cr. 496, 124 Pac. 328;

*Bradford* v. *State,* 3 Okla. Cr. 367, 106 Pac. 535;

*McCellan* v. *State,* 2 Okla. Cr. 633, 103 Pac. 875, 876.

The so-called transcript of case-made contains a copy of the verdict, the motion for a new trial, and also the following recital:

"Motion of defendant Frank Laird for new trial sustained.

"State excepts.

"Defendants Arthur Fenton, Green Loyd and Will Loyd sentenced to confinement at hard labor in the state penitentiary at McAlester for a period of one year and to pay costs of this proceedings. Defendants and each of them except, as per journal entry."

But the record does not contain the journal entry of the judgment. When an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of conviction, such record or case-made presents no question to this court for its determination and the appeal will be dismissed for want of jurisdiction.

We may remark, however, that in this case the errors assigned are based upon the instructions given by the court and it appears from the transcript that no request for instructions were made and no objection was made nor exception taken to the instructions given by the court. Only prejudicial errors raised by exceptions reserved require a new trial. For this reason it would be a useless waste of effort to seek to amend the record in this case. For the reasons stated, the appeal is dismissed.

FURMAN and ARMSTRONG, JJ., concur.