## DAVE HARJOE v. STATE.

No. A-2797.   Opinion Filed January 7, 1918.

(169 Pac. 659.)

APPEAL AND ERROR—Jurisdiction—Dismissal. Where an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of the trial court, this court does not acquire jurisdiction of the appeal, and such an appeal will be dismissed.

*Appeal from District Court, Hughes County;*
*Tom D. McKeown, Assigned Judge.*

Dave Harjoe was convicted of forgery, and he appeals. Appeal dismissed.

*J. L. Skinner,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen. and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Dave Harjoe, was convicted in the district court of Hughes county

upon an indictment charging that he did unlawfully and feloniously forge and counterfeit a certain instrument purporting to be an "order for the removal of restrictions to the allotment of Nellie Harjoe, nee Ellis, a full-blood Creek," by signing the name thereto of "Lewis C. Laylin, Asst. Sec. of the Interior." The jury failed to fix the punishment. An appeal was attempted to be taken by filing in this court on July 26, 1916, a petition in error with case-made. The petition recites that:

"On the 20th day of March, 1916, judgment and sentence was rendered and in force in a certain cause pending in the district court of Hughes county, Okla., wherein the State of Oklahoma prosecuted the plaintiff in error, adjudging the plaintiff in error guilty of forgery and sentencing him to the state penitentiary for a period of seven years."

The Attorney General has filed a motion to dismiss because:

"There is no judgment or copy of judgment as rendered below in the record upon which the alleged appeal could be taken."

An examination of the record discloses that the case-made contains no copy of the judgment referred to in the petition in error, and does not contain the journal entry of the judgment and sentence appealed from.

When an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of conviction, such record or case-made presents no question to this court for its determination, and the appeal will be dismissed for want of jurisdiction. *Loyd v. State,* 12 Okla. Cr. 82, 151 Pac. 1190; *Fowler v. State,* 11 Okla. Cr. 157, 143 Pac. 658; *Dansby v. State,* 7 Okla. Cr. 496, 124 Pac. 328; *Allen v.*

*State*, 6 Okla. Cr. 665, 118 Pac. 1102; *Bradford v. State*, 3 Okla. Cr. 386, 106 Pac. 535; *McLellan v. State*, 2 Okla. Cr. 633, 103 Pac. 876.

Inasmuch as the case-made does not contain a copy of the judgment appealed from, we are of the opinion that this court is without jurisdiction to consider the appeal. We may remark, however, that in this case the overruling of a demurrer to the indictment is the only question raised. We think the indictment is sufficient. For this reason, it would be a waste of effort to seek to amend the record in this case.

For the reasons stated, the cause is dismissed.

ARMSTRONG and MATSON, JJ., concur.