## GEORGE HELMS v. STATE.

No. A-2843.    Opinion Filed March 19, 1918.

(171 Pac. 340.)

1. **PARTIES TO OFFENSES—"Principal."** All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals. Section 2104, Rev. Laws 1910.

2. **INTOXICATING LIQUORS—Unlawful Sale—Sufficiency of Evidence.** In a prosecution for selling intoxicating liquors, the evidence considered, and **held** sufficient to sustain the verdict, and that no material error was committed.

3. **APPEAL AND ERROR—Case-Made—Copy of Judgment.** Where the record of an informal judgment rendered in pursuance of the verdict shows when judgment was rendered, against whom, for what offense, and that sentence was pronounced in accordance with the verdict, it is sufficient against the objection that the case-made does not contain a copy of the judgment.

*Appeal from County Court, Ottawa County;*
*Vern E. Thompson, Judge.*

George Helms was convicted of selling intoxicating liquors, and he appeals. Affirmed.

*Mason & Church,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is prosecuted from a conviction had in the county court of Ottawa county on the 14th day of July, 1916, in which the defendant was found guilty of selling intoxicating liquors, to wit, beer and whisky, to W. A. Wagoner, Sam Sullivan, and Ed. Ballard, and his punishment assessed at a fine of $300, and imprisonment in the county jail for a period of 60 days.

The testimony of Ed. Ballard and Sam Sullivan was to the effect that they bought beer in the defendant's joint in Cardin, said county; that a man known as "Cedar Red Bland" sold the beer, but the defendant was present at the time; that the defendant helped to ice the beer. Frank Staton testified that he owned the land that the building was on, and had rented the ground and received the rent from the defendant. The state also introduced a certified copy of the United States internal revenue record, showing the payment of the special tax required from retail liquor dealers, issued November 8, 1915, to G. Helms; place, lots 1 and 2, block 1, Cardin, Okla. There was no testimony offered on the part of the defendant.

Considering the various errors assigned, we find that the information is sufficient. As to the sufficiency of the evidence to sustain the verdict, all persons who take part, participate, or engage in an offense are guilty as principals. The evidence showing that the party selling the intoxicating liquor was an employee of the defendant is uncontradicted.

After a careful examination of the record, we are clearly of the opinion that the appeal is destitute of merit. The Attorney General has filed a motion to dismiss the appeal on the ground that the case-made does not contain a copy of the judgment rendered.

The record shows an informal judgment rendered in pursuance of the verdict. It shows that judgment was rendered by the court, when rendered, against whom, for what offense, and that sentence was pronounced in accordance with the verdict. This is all that is necessary. *Ex parte Earl Howard*, 2 Okla. Cr. 563, 103 Pac. 663.

13-14

The record does not disclose any reversible error. The judgment of conviction is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.