## D. J. CLARK v. STATE.

No. A-2945. Opinion Filed September 24, 1918.

(174 Pac. 1093.)

APPEAL AND ERROR—Dismissal. Where an appeal is taken to this court from an alleged judgment of conviction, and the record contains no copy of the judgment appealed from, the appeal will be dismissed for want of jurisdiction.

*Appeal from District Court, Roger Mills County;*
*T. P. Clay, Judge.*

D. J. Clark was convicted of grand larceny, and appeals. Appeal dismissed.

*Mitchell & Madden,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, D. J. Clark, was convicted in the district court of Roger Mills county on a charge of grand larceny. On September 7, 1916, judgment was rendered, and he was sentenced to serve a term of two and one-half years' imprisonment in the penitentiary at McAlester. From the judgment an appeal was attempted to be taken by filing in this court on March 6, 1917, a petition in error, to which is attached what purports to be a case-made, which consists of an affidavit of plaintiff in error as to loss of records, wherein affiant states:

"That on the 8th day of September, 1916, the courthouse of Roger Mills county, Oklahoma, was entirely destroyed by fire, and all the papers in said action were destroyed, including the notes of the reporter; the testimony and entire proceedings of the trial were destroyed; and

the destruction of said record of the case and the proceedings was without any fault or blame on the part of this affiant, the plaintiff in error. The affiant states that because of the loss of said record he is unable to make a case-made to present to this court to have a review of the errors complained of in the petition in error."

Also there are five applications for extension of time and orders granting the same and certificate of the trial judge. There is nothing to show that any proceedings were had under the provisions of chapter 71, Rev. Laws 1910, entitled "Restoration of Records," or that any attempt was made to secure or have a *nunc pro tunc* judgment entered for the purpose of perfecting an appeal. Under the provisions of our Code of Criminal Procedure a transcript of the record or case-made must contain a copy of the final judgment or order sought to be reversed, vacated, or modified. *Bradford v. State,* 3 Okla. Cr. 367, 106 Pac. 535. Upon the record before us this court did not acquire jurisdiction of the appeal. It is therefore without authority to consider the same.

The purported appeal herein is therefore dismissed, and the cause remanded to the district court of Roger Mills county, with direction to enforce its judgment therein.

ARMSTRONG and MATSON, JJ., concur.