# D. J. CLARK v. STATE.

No. A-3641—Opinion Filed Dec. 31, 1920.

·(193 Pac. 1009.)

(Syllabus.)

.APPEAL AND ERROR—Time for Appeal. Under Code of Criminal
Procedure (section 5991, Rev. Laws 1910), "in felony cases the
appeal must be taken within six months after the judgment is
rendered," and not six months after the motion for a new trial
is overruled.

*Appeal from District Court, Roger Mills County;*

*T. P. Clay, Judge.*

D. J. Clark was convicted of grand larceny, and he
appeals. Appeal dismissed.

*Perry J. Madden* and *H. L. Adkins,* for plaintiff in
in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty.
Gen., for the State.

PER CURIAM. The plaintiff in error was convicted
of grand larceny in the district court of Roger Mills
county. A motion for new trial was duly filed, and on
September 7, 1916, the court overruled the motion and
rendered judgment on the verdict and sentenced the plain-
tiff in error to be confined in the penitentiary at McAles-
ter for the term of 2½ years. From the judgment an
appeal was attempted to be taken by filing in this court
on March 6, 1917, a petition in error. On September 24,

1918, this attempted appeal was discussed. *Clark v. State,* 15 Okla. Cr. 53, 174 Pac. 1093.

At the May, 1919, term of the district court of Roger Mills county the state's motion to spread upon the minutes of the court the mandate of this court was granted. Thereupon the state's motion for an order *nunc pro tunc* that the judgment rendered on September 7, 1916, which had been destroyed by fire, be reduced to writing and spread upon the minutes of the court as of the 7th day of September, 1916, was granted, and judgment *nunc pro tunc* was duly entered .

Thereupon plaintiff in error urged that the court grant his extraordinary motion for a new trial filed March 5, 1917, upon the grounds stated, that on the 8th day of September, 1916, the courthouse of Roger Mills county was destroyed by fire, and that all of the papers in said action were destroyed, including the record of the proceedings of the trial, and for this reason the defendant has been prevented from perfecting an appeal from the judgment rendered September 7, 1916, which motion for new trial was by the court overruled. Thereupon plaintiff in error gave notice of appeal. It was by the court ordered that the petition in error be filed in this court within 90 days; that execution be further stayed until the final determination of this cause by this court.

The errors assigned are "that the trial court erred in overruling the motion for new trial filed in said court on March 5, 1917, and that the trial court erred in holding that it was without authority and jurisdiction to grant a new trial for the reason that plaintiff in error never attempted to comply with the provisions of chap-

ter 71, Rev. Laws 1910, entitled, "Restoration of Records," or never made any attempt to secure or have a *nunc pro tunc* judgment entered for the purpose of perfecting an appeal.

The Attorney General has filed a motion to dismiss the appeal, which in part is as follows:

"Comes now S. P. Freeling, Attorney General, and moves the court to dismiss appeal in this case for the following reasons:

"Defendant's rights in this case have become *res judicata.* On September 7, 1916, he was convicted of the crime of grand larceny and sentenced to serve a term of 2½ years in the state penitentiary. From this judgment he gave notice of appeal, and a *supersedeas* bond was allowed and approved. Immediately thereafter the records in the case, including the stenographer's notes of the proceedings had at the trial, were destroyed by fire. At some later date defendant filed in this court a petition in error and case-made consisting of affidavits showing that the records in this case had been destroyed by fire.

"On March 5, 1917, 5 months and 27 days after the rendition of the judgment, defendant filed in the court below a motion for a new trial based upon the destruction of the records and files in the case. On September 24, 1918, this court dismissed the aforesaid appeal in this case. In disposing of the case the court said: 'There is nothing to show that any proceedings were had under the provisions of chapter 71, Revised Laws, entitled "Restoration of Records," or that any attempt was made to secure or have a *nunc pro tunc* judgment entered for the purpose of perfecting an appeal.' 15 Okla. Cr. 53, 174 Pac. 1093.

"On May 22, 1919 the mandate in this case was filed in the office of the court clerk of Roger Mills county, said mandate directing the district court of said county

to enforce its judgment therein. On the same date defend-ant's 'dormant' motion for new trial was overruled. Then it was refiled and again overruled, and from such order overruling said motion within six months thereafter he lodged in this court his appeal.

"Instead of the court enforcing its judgment, he allowed other *supersedeas* bond and suspended judgment pending the determination of the matter now before this court.

"Counsel admit that they were unable to find au-thority that more than one appeal will lie from this judgment. If numerous appeals from one judgment were permitted, but few cases ever would be properly appealed, and cases, generally, would be cycled through successive attempts at perfecting proper appeals, and criminal judg-ments would be almost indefinitely stayed.

"As suggested by this court in its decision in this case (15 Okla. Cr. 53, 174 Pac. 1093), defendant had ample opportunity at least to attempt to comply with the provisions of chapter 71, Rev. Laws 1910, pertaining to the 'Restoration of Records.' He did not avail himself of the provision of the law; but after his defective ap-peal had been dismissed by this court, and almost three years after the rendition of the judgment, he then pro-ceeded in the lower court to obtain a new trial, as a mat-ter of right, by reason of the destruction of the records, and without attempting to comply with the provisions pertaining to their restoration.

"We respectfully submit the appeal in this case should be dismissed."

The appeal in a criminal case is from the judgment, and in felony cases the appeal must be taken within six months after the judgment is rendered (section 5991, Rev. Laws), and not six months after the motion for

a new trial is overruled. (*Howey v. State*, 9 Okla. Cr. 453, 132 Pac. 499.)

The appeal is taken by filing in this court a petition in error with case-made attached or a transcript of the record, together with proof of services of notices of appeal as required by the statute, and, when this is not done within the time allowed by statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

The record shows that the papers in the case were destroyed the day following the rendition of the judgment. The plaintiff in error, therefore, had almost six months time in which to have a *nunc pro tunc* judgment entered for the purpose of taking an appeal. If this had been done, and plaintiff in error had in due time filed a transcript thereof, attached to a petition in error, this court would have had the power to pass upon the question attempted to be raised in this and in plaintiff in error's former attempted appeal. However, counsel for plaintiff in error made no effort to take the steps necessary for this court to acquire jurisdiction, and we are without jurisdiction to entertain this attempted appeal. The motion of the Attorney General to dismiss the same must be sustained. The appeal herein is therefore dismissed, and the cause remanded to the district court of Roger Mills county, with direction to enforce its judgment therein.