## MICHAELS v. MICHAELS.

No. 18878. Opinion Filed Feb. 19, 1929.

Rehearing Denied April 30, 1929.

Billups & Billups, for plaintiff in error.

Warren K. Snyder, for defendant in error.

ANDREWS, J. Plaintiff in error filed suit in the district court of Oklahoma county against the defendant in error for divorce. Divorce was granted, and in the journal entry there was recited:

"It is further ordered that the contract hereinbefore set out be and is in all things approved and confirmed, and made a part of this decree"

—which refers to a property settlement entered into between the parties. That property settlement, among other things, recites:

"The party of the second part, J. M. Michaels, hereby agrees and does by this contract, recognize the party of the first part, Anna L. Michaels, as the exclusive owner of the farm in Pottawatomie county; of the lands in Major county, and of the home in Oklahoma City, and agrees that he will execute a quitclaim deed, or such other conveyance as may be necessary to properly perfect her title in said real estate above mentioned. That in addition thereto, he will pay the sum of $25 per month, beginning on the 1st day of May, 1925, said sum to continue for a period of five years. That is to say that said J. M. Michaels will pay to the said Anna L. Michaels the sum of $1,500, payable $25 per month on the first day of each and every month."

Thereafter defendant failed to make the monthly payments as he had agreed to do, and plaintiff filed an affidavit for attachment of the defendant requiring him to show cause why he was not in contempt of court "for a failure to pay said alimony." Hearing was had thereon, and at the conclusion thereof the trial court rendered his decision in open court verbally holding that:

"The application that the defendant be held for contempt for disobeying the order of court is refused, and exceptions allowed."

This appears in the case-made as a part of the reporter's transcript of the proceedings at the trial. The **minute journal** shows:

"At this time this case was called for trial, hearing on citation. Application for citation is denied. Exception. Notice of appeal given in open court. Clerk directed to note same on trial docket."

A motion for new trial was filed, and thereafter the **minute journal** shows:

"At this time this case was called for trial. Order overruling motion for new trial, exceptions allowed. Plaintiff gives notice of appeal to the Supreme Court. Clerk directed to note same on trial docket. 30-3 & 3 days to make and serve case-made"

—and the **journal of the court** shows a regular journal entry overruling a motion for new trial. An order extending time to make and serve case is shown by a journal entry of record in the **journal of the court.** The **journal of the court** shows no journal entry of judgment denying application for citation and there is no showing that the **journal of the court** contains any judgment rendered on the application of the plaintiff for citation.

The "minute journal" is not the "journal of the court," and the appeal must be dismissed. This question is determined by Merchants Southwestern Fire Proof Warehouse Co. v. Johnston, 113 Okla. 146, 243 Pac. 186, wherein it is said:

"A mere recital in the clerk's minutes transcribed into the record does not constitute a judgment, and where no judgment of the trial court appears in the record, this court has no jurisdiction to review the case on appeal."

The appeal is dismissed.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and SWINDALL, JJ., concur.

MASON, C. J., and CULLISON, J., absent, not participating.