## ANDERSON v. STEVENSON.

No. 18354. Opinion Filed May 21, 1929.

James W. Rodgers and Binas Hostettler, for plaintiff in error.

W. T. Anglin and Forrest M. Darrough, for defendant in error.

JEFFREY, C. This action was instituted in the district court of Hughes county by Alfred Stevenson, as plaintiff, against the heirs and unknown heirs of Timmie Anderson, for a determination of the heirs of Timmie Anderson, and to quiet title in plaintiff to certain lands alleged to have been originally allotted said Timmie Anderson, a Creek Indian, and 'ater acquired by plaintiff. Upon application, Richmond Anderson was granted leave to intervene in the cause. Said intervener filed an answer and cross-petition, by which he denied most of the allegations of the petition, and alleged he was the owner of an undivided one-half interest in the land; asked that his title be quieted, and for rents and profits.

Plaintiff filed a general demurrer to said cross-petition. It appears from the clerk's minutes, which are transcribed into the record, that, on November 20, 1926, the demurrer was sustained, intervener elected to stand upon his cross-petition, and that the same was dismissed. After the dismissal of the cross-petition, plaintiff proceeded to trial on his petition, at which time evidence was offered and judgment was rendered thereon in favor of plaintiff as prayed for in the petition. It is from the action of the court sustaining the demurrer and dismissing the cross-petition, that intervener has attempted to perfect an appeal to this court.

After intervener filed his petition in error in this court, plaintiff filed a motion to dismiss the appeal. This motion appears to have been overruled pro forma by the court, and permission given to refile said motion in connection with his brief on the merits of the case. The motion to dismiss has been incorporated in plaintiff's brief and refiled in the cause. The motion is directed at the lack of jurisdiction of the court to entertain the appeal, because neither the judgment sought to be appealed from, nor the notice of intention to appeal appear in the record proper. The only reference to the action of the court in sustaining the demurrer to be found in the record is an excerpt from the clerk's minutes, in words and figures as follows:

"Minutes in minute record book No. 5 of July term 1926, of district court, Hughes county, Oklahoma, in case No. 5968, Alfred Stevenson, plaintiffs, v. Nellie McCosar et al., defendants, under date of November 20, 1926. Demurrer sustained, exceptions allowed. Defendant elects to stand on his petition and prays an appeal to the Supreme Court; Granted. Cross-petition dismissed; exceptions. Fred Davidson, Court Clerk."

There is a journal entry of judgment in the record granting plaintiff the relief prayed for in his petition, but this journal entry makes no mention of the fact that the court sustained a demurrer to intervener's cross-petition, that cross-petitioner stood upon his cross-petition, that said cross-petition was dismissed, that intervener excepted to the ruling of the court, nor that intervener gave notice of his intention to appeal to the Supreme Court.

The motion must be sustained for two reasons. The mere recital in the clerk's minutes which was transcribed into the record does not constitute a judgment, and where the judgment sought to be appealed from does not appear in the record, this court has no jurisdiction to review the cause on appeal. Merchants S. W. Fireproof Warehouse Co. v. Johnston, 113 Okla. 146, 243 Pac. 186; Schuck v. Moore, 48 Okla. 533, 150 Pac. 461; Negin v. Picher Lumber Co., 77 Okla. 285, 186 Pac. 205; Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067.

The minutes of the court clerk are not, properly speaking, a part of the record, and the recital therein that intervener prays an appeal to the Supreme Court, in the absence of any other record, is insufficient to show a compliance with section 782, C. O. S. 1921, providing for notice of intention to appeal. Smith et al. v. Fash, County Superintendent, 122 Okla. 104, 251 Pac. 496.

Under the foregoing authorities, this court did not acquire jurisdiction of the cause, and the appeal is dismissed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commisioners, concur.

By the Court: It is so ordered.