## W. L. SWINK v. STATE.

No. A—9398.  Aug. 19, 1938.
(82 P. 2d 316.)

Warren & Warren, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, J. This is an attempted appeal from a judgment of conviction rendered in the county court of Choctaw county, on July 5th, 1937, finding W. L. Swink guilty of unlawful possession of intoxicating liquor, with punishment assessed at 60 days confinement in the county jail and a fine of $100.

It appears that on January 29, 1937, the county attorney of Choctaw county, filed an information in the county court of said county, jointly charging W. L. Swink and Ernest Steen with the unlawful possession of 90 quarts, 182 pints and 243 half pints of whisky.

The record shows that when the case was called for trial the defendants waived their right to a jury trial, and it was agreed by and between the parties to try the case to the court.

There was a motion for continuance and a motion to suppress the evidence, both of which were overruled.

At the close of the testimony, motion to dismiss as to the defendant, Ernest Steen, was sustained.

The petition in error with case-made was filed in this court October 13, 1937.

The Attorney General has filed a motion to dismiss this appeal, on the ground that the case-made contains no order extending the time in which to file this appeal beyond the 60 days allowed by the statute, citing section 3192, St. 1931, 22 Okla. St. Ann. § 1054.

The record shows that motion for new trial was overruled and judgment rendered on July 6th, at which time the court granted an extension of 30 days in which to make and serve case-made, 10 days to suggest amendments, to be settled and signed on five days' notice. On August 5, the court granted an additional extension of 30 days within which to make and serve case-made, and on September 1st, the court granted a third extension of 30 days within which to make and serve a case-made. At no time did the court grant any extension of time within which to file a petition in error in this court beyond the 60 days period allowed by section 3192, and no subsequent order was made extending the time in which a petition in error and case-made could be filed in this court as provided by section 538, 12 Okla. St. Ann. § 962.

This court has repeatedly held that an order made by a trial court extending the time within which to make and serve a case-made does not automatically extend the time within which to file the appeal. All such orders should

cover both the time within which to make and serve case-made and the time within which to file the appeal in this court.

In misdemeanor cases the appeal must be perfected within 60 days after the judgment is rendered, unless the trial court or judge, for good cause shown, extends the time within the limits prescribed by section 3192, St. 1931.

Where no order is made extending the time within which an appeal in misdemeanor cases may be taken, and the appeal is not lodged in this court within 60 days after the rendition of judgment, this court has no jurisdiction to entertain the appeal and the same will be dismissed. Holly v. State, 16 Okla. Cr. 164, 181 P. 518; Wilson v. State, 24 Okla. Cr. 268, 217 P. 1057; Brady v. State, 59 Okla. Cr. 58, 56 P. 2d 428.

Another ground of the Attorney General's motion to dismiss is, that the case-made contains no copy of the judgment from which this appeal is taken.

An examination of the record discloses that the case-made contains no copy of the judgment referred to in the petition, and does not contain the journal entry of the judgment appealed from.

The uniform holding of this court is that where an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of the trial court, this court does not acquire jurisdiction of the appeal, and such an appeal will be dismissed. Patton v. State, 60 Okla. Cr. 409, 64 P. 2d 1245.

For the reasons assigned, the motion of the Attorney General to dismiss the appeal is sustained, and the purported appeal herein is dismissed and the cause remanded to the trial court.

DAVENPORT, P. J., and BAREFOOT, J., concur.