## ALFRED NOTLEY HOOFER v. STATE.

No. A-10518.    Nov. 28, 1945.

On Rehearing April 17, 1946.

(164 P. 2d 247; 168 P. 2d 313.)

238

David Tant and Ross N. Lillard, both of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and E. J. Broaddus, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Alfred Notley Hoofer, was charged in the district court of Oklahoma county with the crime of murder; was tried, convicted of man-

slaughter in the first degree, and sentenced to serve 10 years in the State Penitentiary, and has appealed.

The Attorney General has filed a motion to strike the case-made for the following reasons:

"That case-made, on page 215, contains Journal Entry of Judgment and Sentence rendered on October 23, 1943, by the District Court of the Seventh Judicial District of the State of Oklahoma, sitting in and for Oklahoma County, adjudging Alfred Notley Hoofer, defendant in said District Court and plaintiff in error herein, guilty on verdict of the jury of manslaughter in the first degree, and sentencing him to serve a term of ten years in the State Penitentiary at McAlester.

"That case-made, on page 219, contains entry of a minute under date of October 23, 1943. of the 'Minute Journal of said Court' of said county, stating that motion for new trial was overruled, and that '60-3-3 allowed' to make and serve case made, but there does not appear in the case made any entry in the Journal of the District Court of any order granting to defendant an extension of time in which to make and serve case made.

"That case-made, on page 221, contains Journal Entry of order, rendered on December 21, 1943, rendered on December 21, 1943 granting to defendant extension of time within which to prepare and serve case made 'until and including January 21, 1944.'

"That case-made, on page 227, contains acknowledgement of service of case-made dated April 21, 1943, and signed by the attorneys for the defendant, Alfred Notley Hoofer, and there does not appear in case-made any acceptance of service thereof by the State of Oklahoma, plaintiff in the District Court.

"That on December 21, 1943, the date of the rendition of said order extending time to and including January 21, 1944, the fifteen days allowed by statute for making and serving case-made had expired, and upon said

expiration of said time there was no order of the District Court extending such time until said order of December 21, 1943, and the District Court was without jurisdiction to render said order and same is void, and had said order been valid, still it does not appear in the case-made that the case-made was served on the State of Oklahoma on or prior to January 21, 1944, nor that it has ever been served on the State of Oklahoma, and the case-made should be stricken.

"Defendant in error cites the following authorities to support this motion, towit: May v. State, 63 Okla. Cr. 165, 73 P. 2d 875; Cherry v. State, 61 Okla. Cr. 376, 69 P. 2d 407; Caldwell v. State, 57 Okla. Cr. 320, 48 P. 2d 356."

A copy of said motion was duly served on counsel for defendant and set for argument on June 27, 1945. At that time, no appearance was made on behalf of the defendant and the case was submitted upon the record and motion to dismiss filed by the state. The defendant was given 15 days to file a response and brief. Since that date, no response has been filed to the motion to dismiss and no brief has been filed in support of the appeal.

We have examined the case-made and the record sustains the allegations contained in the motion to strike. The authorities cited in the motion of the state amply sustain the state's contention and the motion of the Attorney General to strike the case-made is sustained.

Under our procedure, there are two methods for taking an appeal from a conviction: First, by filing a petition in error with case-made attached; second, by filing a petition in error with a duly certified copy of the transcript of the record attached.

If the first method is pursued and for any reason the case-made is fatally defective, the appeal will be considered upon the transcript, provided it is properly certified by the court clerk. Mathis v. State, 18 Okla. Cr. 199, 194 P. 278; Cherry v. State, 61 Okla. Cr. 376, 69 P. 2d 407.

The record filed herein is properly certified by the clerk of the court and we have considered the record as a transcript to ascertain whether there were any fundamental errors sufficient to require a reversal of this case. The information clearly charges the accused of the murder of one Bob Johnson. No demurrer or attack on the information was ever made by the defendant. The instructions seem to be applicable to the law and facts of the case and we have found no fundamental error in any of the proceedings. The judgment of the court conforms to the verdict and it is apparent that the judgment of the district court of Oklahoma county should be affirmed.

It is so ordered.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.

[On Rehearing.]

Houston & Miskovsky, George H. Giddings, David Tant, and Ross N. Lillard, all of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and E. J. Broaddus, Asst. Atty. Gen., for defendant in error.

JONES, P. J. After the opinion was rendered in this case, a petition for rehearing was filed, in which attention of this court was directed to the fact that the attorneys for the defendant, after being served with the

motion to dismiss the appeal filed by the Attorney General, procured a stipulation signed by the special counsel appointed by the trial court to represent the state at the trial of said case, in which stipulation it was agreed that the case made was served upon said counsel for the state during the statutory period within which the plaintiff had been granted time to make and serve case-made, and that through an oversight such stipulation had been omitted from the case made. This stipulation was delivered to the Attorney General with the understanding that it was to be approved by him and presented to this court for an order directing its inclusion in the case made filed in this court.

The Assistant Attorney General, who represented the state and who filed the motion to dismiss the appeal on behalf of the state, has appeared before the court and stated that the stipulation was left with him as related by counsel for the defendant, but through inadvertence and oversight on his part it was never presented to the court for filing as a part of the record in this case.

Counsel for defendant should have presented the matter directly to the court, or the very least they could have done was to have followed up the matter to see that the Attorney General had presented the matter for the approval of the court. However, this court does not want to deprive the defendant of a right to have his conviction reviewed because of some technical oversight which occurred through the laches of his counsel. For that reason, a rehearing was granted and counsel for defendant was given permission to file a brief in support of the appeal. It is unnecessary to again recite the facts. We have considered the brief filed on behalf of the defendant and have again reviewed the record. It is our con-

clusion that the judgment of conviction should be affirmed but that the interests of justice require that the punishment be modified by a reduction of the term of imprisonment in the State Penitentiary from a term of 10 years to a term of 5 years.

It is therefore ordered that the judgment and sentence of the district court of Oklahoma county be modified by reducing the punishment from ten years in the State Penitentiary to a term of five years in the State Penitentiary, and the judgment and sentence as thus modified is affirmed.

Mandate is ordered issued forthwith.

BAREFOOT, J., concurs. DOYLE, J., not participating.