## FRED PAYNE v. STATE.

No. A-10717.   April 30, 1947.
(180 P. 2d 193.)

Eck E. Brook, of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Chester Norman, of Muskogee, County Atty. Muskogee County, for defendant in error.

BAREFOOT, P. J.  This appeal is based upon a transcript from the district court of Muskogee county, Okla.

A complaint was filed in the city court of Muskogee, Okla., charging defendant with the unlawful possession of two pints of tax-paid whisky. He was found guilty and assessed a fine of $50, and 60 days in the county jail. An appeal was taken to the district court of Muskogee county,

and the case was tried de novo, before the court, without a jury.

The transcript filed in this court does not show whether the defendant was found guilty or not guilty; does not contain the judgment and sentence of the district court; nor does it contain any order or minutes of the court or clerk showing the punishment assessed by the court. The only reference to a judgment or sentence is a recital in the petition in error that defendant was "assessed a fine of $100 against him and also imposed a jail sentence of thirty days in the Muskogee County jail."

If the state had filed a motion to dismiss the appeal, the same would have been sustained. Bennett v. State, 78 Okla. Cr. 161, 152 P. 2d 388.

The record discloses that the state relied upon two witnesses who were deputies from the office of the sheriff of Muskogee county. They testified to the searching of defendant's premises, which one of them described as:

"A. It had been a junk yard. It was a long sheet-iron building. There was an office in the front and a desk in the front room with a bed in the back, and it was full of plunder, lumber and stuff. They were repairing the building. There was nothing in there except that."

The officers found two pints of tax-paid whisky in the pocket of a raincoat which was hanging on the wall next to the desk in the front room of the building. They both knew the defendant, and testified that he was not present at the time of the search. Two other boys were in the building, but the deputies did not know their names. They did not know to whom the raincoat belonged. Both officers testified that the place had the reputation of being a place where liquor was unlawfully bought and sold. Defendant

did not take the witness stand, nor did he introduce any evidence in his behalf.

Defendant's assignments of error are as follows:

"1. The court erred in convicting plaintiff in error (defendant, Fred Payne) because the testimony of the state is wholly insufficient to justify and sustain a conviction.

"2. The court erred in not dismissing said case upon completion of the testimony of the state, when the state failed to introduce its search warrant and its affidavit (if it had such).

"3. The court erred in not sustaining the demurrer of defendant to the state's testimony.

"4. The court erred in not sustaining defendant's motion for new trial."

As to the second error complained of, it may be stated that no motion to suppress the evidence by reason of an illegal search was filed or presented. No question was ever raised as to the validity of the search warrant. The only reference to a search warrant occurred when the assistant county attorney asked the first witness: "Q. And did you have a search warrant? A. Yes, sir."

No objection was made by defendant to this testimony, and the witness was not cross-examined concerning the same. There was no request that the search warrant be produced, and no attempt by the defendant to have it introduced in evidence. No reference was made thereto until the motion for new trial was filed. Under these facts, the defendant cannot now raise this question. Gragg v. State, 72 Okla. Cr. 189, 114 P. 2d 491.

The other three assignments of error may be presented together.

Defendant first presents the question of the right to search his home, and cites cases in support thereof. The evidence in this case does not support the contention that the place searched was a home. Defendant did not testify and the evidence produced by the state would justify the belief that it was a place of business, rather than a home.

The defendant presents the question of intent, and says:

"To justify conviction for possession of intoxicating liquor with intent to violate the law, possession of the liquor and criminal intent must be shown."

This proposition of law is true. But in this case the state alone introduced evidence. The liquor was found in defendant's place of business. When this was proven the presumption was that it was the property of defendant. There was no proof on the part of the defendant that he did not own the coat, or the liquor. The state has assumed the burden cast upon it when it proved that the place where the liquor was found was defendant's place of business. Defendant did not see fit to deny this and give the court an opportunity to find that the coat or the liquor did not belong to him.

The next question presented is that the evidence did not reveal the possession of intoxicating liquor "in excess of one quart" (Tit. 37 O. S. 1941 § 82), and, therefore, there could not be prima facie evidence that the possession thereof was for the purpose of sale.

The intent with which intoxicating liquor is possessed is a question of fact. Where the proof does not show that defendant had in excess of one quart of intoxicating liquor, then it is incumbent upon the state to show by other evidence that the defendant had the possession of the

liquor with an unlawful intent, before it may be held that the evidence is sufficient to sustain a conviction. Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836.

Although the proof in the instant case of the amount of liquor found in the possession of defendant was not sufficient to make a prima facie case of unlawful intent to "convey, sell or otherwise dispose of such liquor", contrary to law, the state made an additional showing that defendant's place had the general reputation of being a place where intoxicating liquor was bought and sold contrary to law. There was no evidence to rebut this testimony. Under this statement of facts, we are not in position to say that the evidence was insufficient to sustain the judgment and sentence.

Taking into consideration the fact that the transcript does not contain the judgment and sentence of the district court of Muskogee county, we are of the opinion that the appeal should be dismissed, and the cause remanded to the trial court with directions to enforce its judgment and sentence. It is so ordered.

JONES and BRETT, JJ., concur.