## McMICHAEL v. STATE.

No. A-11196.    Feb. 14, 1951.

(228 P. 2d 203.)

R. R. Linker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. The plaintiff in error, Jack William McMichael, Jr., was charged by information with the offense of reckless driving. Upon trial a verdict of guilty as charged was returned; and his punishment assessed at a fine of $100 and 30 days in jail, with the recommendation that the jail sentence be suspended.

An appeal was attempted by filing in this court a petition in error and case-made. The petition in error, in part, recites:

"* * * that the State of Oklahoma at the July term of the Court of Common Pleas of Tulsa County, Oklahoma, recovered a judgment of conviction against the said Jack William McMichael, Jr., in a certain action pending in said court wherein the said State of Oklahoma was plaintiff and the said Jack William McMichael, Jr., was defendant."

An examination of the record discloses that the case-made contains no copy of the judgment referred to in the petition in error. This court from the beginning has uniformly held that it will not review the proceedings of the trial court, unless the record or case-made contains a copy of the final judgment from which the appeal is taken. McLellan v. State, 2 Okla. Cr. 633, 103 P. 876; Bradford v. State, 3 Okla. Cr. 367, 106 P. 535; Dansby v. State, 7 Okla. Cr. 496, 124 P. 328; Fowler v. State, 11 Okla. Cr. 157, 143 P. 658; Loyd v. State, 12 Okla. Cr. 82, 151 P. 1190; Harjoe v. State, 14 Okla. Cr. 187, 169 P. 659; Patton v. State, 60 Okla. Cr. 409, 64 P. 2d 1245;

Swink v. State, 64 Okla. Cr. 466, 82 P. 2d 316. See also: Bennett v. State, 79 Okla. Cr. 161, 152 P. 2d 388, and Payne v. State, 84 Okla. Cr. 166, 180 P. 2d 193.

There is a note in the case-made that the court did render a judgment, and the appeal bond so indicates, though the extent of the punishment is omitted. Inasmuch as the case-made does not contain a copy of the judgment of the trial court, we are of the opinion that this court is without jurisdiction to consider the appeal.

The appeal is, therefore, dismissed.

BRETT, P. J., and JONES, J., concur.