## NICHOLS v. STATE.

No. A-11543. July 30, 1952.

(247 P. 2d 311.)

Leonard G. Geb, Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an attempted appeal by the defendant, Clyde Adward Nichols, from a conviction sustained in the county court of Kay county, wherein he was sentenced to serve a term of four months imprisonment in the county jail and to pay a fine of $250 upon conviction for the illegal possession of intoxicating liquor.

The Attorney General filed a motion to dismiss the appeal on the ground that the judgment and sentence was pronounced on November 27, 1950, and the appeal was not lodged in this court until February 12, 1951, and no extension of time was ever granted within which to file the appeal in the Criminal Court of Appeals.

The accused then filed a supplemental case-made, which contained an order nunc pro tunc entered by the county court on January 30, 1952, which corrected an order entered on January 6, 1951 so that it read as follows:

"Now, on this 6th day of January, 1951, the date previously set for serving Case-Made on the County Attorney of Kay County, Oklahoma, in the above styled cause, the time for serving such Case-Made is by the Court, for good cause shown, hereby extended fifteen days. Plaintiff is given ten days thereafter to suggest amendments; the same to be filed and settled on five days written notice by either party. It is further ordered, adjudged and decreed, for good cause shown, the defendant is given ten days thereafter within which to file said Case-Made in the Criminal Court of Appeals of the State of Oklahoma."

After the filing of the supplemental case-made the Attorney General filed a supplemental motion to dismiss the appeal on the ground that the order nunc pro tunc recited that the defendant was given fifteen days from January 6, 1951, to make and serve the case-made on the county attorney, and that the record discloses that the case-made was not served until January 29, 1951, which was more than the fifteen days after the order had been granted giving an extension of 15 days from January 6, 1951.

The record supports the position of the Attorney General. The case-made was not served upon the county attorney within the time allowed by the trial court for serving the case-made.

In the case of Hoofer v. State, 82 Okla. Cr. 237, 164 P. 2d 247, 168 P. 2d 313, this court held:

"A case-made for appeal not served within the time allowed originally by the trial court for serving case-made nor within the time fixed by any valid extension of time is a nullity."

The purported appeal is hereby dismissed and the cause is remanded to the county court of Kay county with instructions to carry its judgment into execution.

BRETT, P. J., and POWELL, J., concur.