## STATE v. SMITH.
### No. A-11941.

Criminal Court of Appeals of Oklahoma.
March 16, 1954.

Lloyd H. Henry, County Atty., John L. Green, Robert A. Wilson, Asst. County Attys., Shawnee, for the State.

Shelton Skinner, Shawnee, for defendant in error.

· JONES, Judge.

This is an attempted appeal by the State of Oklahoma, acting through the county attorney of Pottawatomie county, from the District Court of Pottawatomie county on a reserved question of law. The appeal is based on a purported transcript with petition in error attached.

The attempted appeal was filed in this court on May 27, 1953. No brief has ever been filed on behalf of the State. On November 17, 1953, counsel for the defendant filed a motion to dismiss the purported appeal and a brief in support of the motion. This motion was based upon the fact that the alleged reserved question of law which it was sought to have determined in this court could only be determined by a consideration of the evidence, for the reason that the question for determination was a mixed question of law and fact involving a ruling of the trial court on the admissibility of evidence. It was further stated in the motion that the transcript was defective for the reason that it contained no copy of a final judgment or order.

The motion to dismiss was set for hearing but no one appeared on behalf of the State and no response has been filed to the motion. In Ward v. State, 56 Okl.Cr. 316, 38 P.2d 582, it is stated:

"Mixed questions of law and fact involving rulings of the trial court on the admissibility of evidence, and failure of the trial court to fully instruct on the law applicable to the evidence can only be presented for review on appeal by incorporating the same into a bill of exceptions or case-made, such questions are not presented for review on appeal by transcript of the record alone."

In Thornton v. State, 86 Okl.Cr. 394, 193 P.2d 609, 610, it was held:

"Where an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of the trial court, this Court does not acquire jurisdiction of the appeal, and such appeal will be dismissed."

The motion to dismiss the purported appeal is sustained and the appeal is hereby dismissed.

POWELL, P. J., and BRETT, J., concur.