**Tom SMITH, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12899.**

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1961.

Rehearing Denied April 5, 1961.

See also Okl.Cr., 320 P.2d 719.

W. B. Ward, Jr., Ada, Tom Smith, Wewoka, pro se, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., William Pipkin, County Atty., Seminole County, Wewoka, for defendant in error.

BRETT, Judge.

This is an attempted appeal by Tom Smith, plaintiff in error, defendant below. He was charged by information in the Superior Court of Seminole County for the crime of receiving stolen property (21 O.S.A. § 1713), allegedly committed on June 21, 1959, by receiving a certain Zenith television set, knowing the same to have been stolen. He was tried by a jury, and his punishment fixed at one year and one day in the State Penitentiary. A minute discloses that he was so sentenced, and from which this appeal has been perfected.

The Attorney General has moved to strike the casemade on the basis that the same was not prepared, served, signed and settled, as by law provided. 12 O.S.A. 1951 § 958. The State's motion is based upon the following facts, as reflected in the record:

"The verdict of the jury was filed on October 29, 1959. Sentence date was set for November 5, 1959, but sentence was not pronounced on that date. Motion for a new trial was filed on November 7, 1959. Defendant was given 60 days in which to make and serve casemade. This 60-day period expired on January 6, 1960. On January 4, 1960 the court granted 60

days additional extension of time. This 60-day period expired on March 6, 1960, and there was no further extension of time in which to make and serve casemade.

"Even though the court reporter had certified the casemade on February 18, 1960, it was never served on the county attorney until the 26th day of April, 1960, which was long after the expiration of the time allowed by order of court. It further appears that such purported casemade was never certified by the attorneys, nor was there any stipulation of its correctness, nor was the county attorney notified of any time of settling and signing of same by the court, which settlement took place just two days after the casemade had been served on the county attorney."

The grounds for the foregoing motion are substantially conceded in the response of plaintiff in error, wherein he admits that:

"* * * the casemade, or record, shows the facts and dates set out in the second paragraph of the State's motion to strike casemade."

◼ The other allegations contended in the motion are substantially correct, particularly that the casemade was not served on the county attorney until April 26, 1960, which was long after the time allowed by the trial court. The foregoing facts render the casemade invalid for the purpose of this appeal, since the same was not served, signed, and settled within the time allowed by law or a valid extension thereof. Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143, 1144. The casemade is accordingly stricken. We thought that under the terms of 22 O.S.A.1951 § 1060, the purported casemade, having been filed within six months after judgment and sentence, could be considered as an appeal by transcript. Hoofer v. State, 82 Okl.Cr. 237, 164 P.2d 247, 168 P.2d 313.

It has been repeatedly held that the manner of taking an appeal is a matter of legislative prescription, and failure to comply with the law relating thereto will be fatal to the appeal. Dobbs v. State, 5 Okl.Cr. 475, 114 P. 358, 115 P. 370; Altizer v. State, 59 Okl.Cr. 456, 60 P.2d 812.

◼ This record cannot be considered, even as a transcript, since the casemade does not contain a formal judgment and sentence. It has been repeatedly held that this Court does not acquire jurisdiction in an appeal by transcript where transcript or casemade contains no copy of the judgment of the trial court, and under such conditions the appeal will be dismissed. Patton v. State, 60 Okl.Cr. 409, 64 P.2d 1245; Payne v. State, 84 Okl.Cr. 166, 180 P.2d 193; State v. Smith, Okl.Cr., 268 P.2d 587.

Therefore, under the foregoing authorities, this Court is without jurisdiction to consider the alleged appeal on the basis of either an appeal by case made, or by transcript, and is without authority to grant any relief in the premises.

This case has been most unfortunately handled from the standpoint of defendant, but since we are without jurisdiction, the appeal is, accordingly, dismissed.

POWELL, P. J., and NIX, J., concur.

On Rehearing.

BRETT, Judge.

The plaintiff in error filed his appeal in this Court on April 28, 1960. Briefs were filed by both the plaintiff in error and the State, and the case was assigned for and orally argued on November 16, 1960. Thereafter an opinion was rendered by the Court on January 4, 1961 dismissing the appeal, and the plaintiff in error duly filed a petition for rehearing, and application for oral argument thereon, which was granted. The case was argued on the petition for rehearing on March 8, 1961.

The plaintiff in error raises the point that where the record shows an informal judgment rendered in pursuance of the jury's verdict and it further shows when and against whom, as well as for what of-

fense, the same should be sufficient as against a motion to dismiss an appeal for failure to include in the case made the journal entry of judgment and sentence.

The minutes herein recited the following:

"Proceedings had on November 7, 1959:

"The Court: All right. Case No. 1922 State of Oklahoma vs. Tom Smith. Let the record show that the motion for new trial is overruled.

"Mr. Billingsley: Give us an exception.

"The Court: Excepted to and exception allowed.

"Mr. Billingsley: To which judgment—I think I should make it after sentence, Judge.

"The Court: You have anything you want to say, Tom, before sentence is pronounced?

"The defendant: Not one word.

"The Court: All right. Will you stand up, please. In accordance with the verdict of the jury it is the judgment and sentence of this court that you serve a term of one year and one day in the State Penitentiary at McAlester.

"Mr. Billingsley: To which judgment and sentence of the court the defendant objects and excepts. And give notice in open court of his intentions to appeal to the Criminal Court of Appeals."

In support of the foregoing contention, petitioner cites Helms v. State, 14 Okl.Cr. 384, 171 P. 340, holding:

"Where the record of an informal judgment rendered in pursuance of the verdict shows when judgment was rendered, against whom, for what offense, and that sentence was pronounced in accordance with the verdict, it is sufficient against the objection that the case-made does not contain a copy of the judgment."

In support of this rule in the Helms case the court cites Ex parte Howard, 2 Okl.Cr. 563, 103 P. 663. Analysis discloses the Howard case does not support the rule announced in the Helms case, and no other authority is cited to support it. The Howard case was a habeas corpus case, testing the right of commitment on an informal judgment. Obviously no appeal was involved in the habeas corpus proceeding therein. We find no fault with the conclusion reached in the Howard case. The informal judgment represented only the clerk's minutes as evidence of the court's judgment. Ex parte Howard, supra. It was not the final judgment of the court duly prepared and signed by the trial judge confirming the record as made at the trial from which an appeal may be taken. We do not believe that the eminent Jurist intended to abrogate the provisions of the statutes providing for an appeal from the final judgment in the case. 22 O.S.1951 § 1051. The journal entry of judgment is the document alone that gives verity to the clerk's minutes for the purpose of appeal. The minutes by no means can be considered as the final judgment from which an appeal may be taken.

It is interesting to note that the Helms case stands alone—it has never been followed. In fact, in a prior case not referred to (Loyd v. State, 12 Okl.Cr. 82, 151 P. 1190, 1191) the same Judge in a case with similar facts, said:

"An examination of the record discloses that the transcript contains no copy of the judgment referred to in the petition in error. By numerous decisions it has been held that this court will not review proceedings of the trial court, unless the transcript of case-made contains a copy of the judgment of conviction from which the appeal is taken. Fowler v. State, 11 Okl.Cr. 157, 143 P. 658; Dansby v. State, 7 Okl.Cr. 496, 124 P. 328; Bradford v. State, 3 Okl.Cr. 367, 106 P. 535; McLellan v. State, 2 Okl. Cr. 633, 103 P. 876.

"The so-called transcript or case-made contains a copy of the verdict, the motion for a new trial, and also the following recital:

"'Motion of defendant Frank Laird for new trial sustained.

"'State excepts.

"'Defendants Arthur Fenton, Green Loyd and Will Loyd sentenced to confinement at hard labor in the state penitentiary at McAlester for a period of one year and to pay costs of this proceeding. Defendants and each of them except, as per journal entry.'

"But the record does not contain the journal entry of the judgment. When an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of conviction, such record or case-made presents no question to this court for its determination and the appeal will be dismissed for want of jurisdiction."

The Loyd case has been repeatedly followed since it was rendered. Harjoe v. State, 14 Okl.Cr. 187, 169 P. 659; Clark v. State, 15 Okl.Cr. 53, 174 P. 1093; Mitchell v. State, 17 Okl.Cr. 513, 190 P. 268; Sherwood v. State, 17 Okl.Cr. 722, 190 P. 270; Mobbs v. State, 18 Okl.Cr. 308, 194 P. 450; Baker v. State, 21 Okl.Cr. 36, 204 P. 465; Patton v. State, 60 Okl.Cr. 409, 64 P.2d 1245, 1246, wherein Judge Doyle said in speaking of the record: "does not contain the journal entry of judgment appealed from." And again he so said in Swink v. State, 64 Okl.Cr. 466, 82 P.2d 316. And see also later cases following the rule: Thornton v. State, 86 Okl.Cr. 394, 193 P.2d 609; McMichael v. State, 93 Okl.Cr. 341, 228 P.2d 203; State v. Smith, Okl.Cr., 268 P.2d 587.

This rule has been followed in the Supreme Court of Oklahoma in the following cases, wherein it was said, in Anderson v. Stevenson, 136 Okl. 282, 277 P. 922:

"A mere recital in the clerk's minutes, transcribed into the record, does not constitute a judgment, and, where the judgment of the trial court sought to be appealed from does not appear in the record, this court has no jurisdiction to review the case on appeal."
Citing numerous cases in support of this rule.

See, also Michaels v. Michaels, 136 Okl. 176, 276 P. 737, 738. Therein the court said, "The 'minute journal' is not the 'journal of the court', and the appeal must be dismissed."

We are of the opinion that because of their lack of finality and possibly verity as well, the minutes of the entry of judgment cannot be considered as the judgment from which an appeal may be taken, sufficient to confer jurisdiction on this Court.

The defendant now tenders the journal entry of judgment to this Court, long after the time for perfecting appeal had expired. Since this Court must acquire jurisdiction before the time to perfect an appeal has expired, after the expiration of said time fixed by law, if the court has never acquired jurisdiction, we are without authority of law to extend the time for acquiring jurisdiction. To hold otherwise would abrogate the law as enacted by the legislature.

By reason of the foregoing conclusion and authorities in support thereof, we are hereby expressly overruling Helms v. State, supra.

We are, therefore, of the opinion as originally stated that we are without jurisdiction to entertain this appeal, because the case made was not signed, served and settled as by law provided, and for the reason the case made as filed herein did not contain the final judgment of the court as expressed in a journal entry of judgment, and no attempt was made to supply the same until long after the time for perfecting the appeal had expired. Had the same been presented at the proper time, we could have considered the matter as an appeal by transcript.

The petition for rehearing is accordingly denied.

NIX, P. J., and BUSSEY, J., concur.