**Lonnie ADAMS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13101.**

Court of Criminal Appeals of Oklahoma.

June 6, 1962.

Rehearing Denied June 27, 1962.

Don Hackler, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

This is an attempted appeal by Lonnie Adams who was convicted of assault and battery and sentenced to 30 days in the County Jail and to pay a fine of $100.00.

 The record reflects that Plaintiff-in-Error was ordered committed to the County Jail to begin his sentence on the 18th day of April, 1961. An attempted appeal was lodged in this Court on August 16, 1961. It is to be noted that the attempted appeal was on the last day prescribed by statute. The record contained no formal Judgment and Sentence. The Defendant subsequently attempts to supplement his case-made with a copy of the Judgment and Sentence. The Attorney General files a motion to dismiss upon the grounds that this Court has no jurisdiction.

This matter has been squarely passed upon in the case of Smith v. State, Okl.Cr., 362 P.2d 113, wherein the Court said:

"Where casemade does not contain a formal judgment and sentence, the record cannot be considered even as a transcript, and the appeal will be dismissed."

In said case, the Court further said: (Page 116)

"The defendant now tenders the journal entry of judgment to this Court, long after the time for appeal had expired. Since this Court must acquire jurisdiction before the time to perfect an appeal has expired, after the expiration of said time fixed by law, if the court has never acquired jurisdiction, we are without authority of law to extend the time for acquiring jurisdiction. To hold otherwise would abrogate the law as enacted by the legislature."

For the above and foregoing reason, Appeal is Dismissed.

BRETT and BUSSEY, JJ., concur.