Johnny Fernandez SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13291.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1963.

John D. Harris, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge.

This is an attempted appeal by the plaintiff in error, Johnny Fernandez Smith, defendant below.

It appears that Smith was charged by information in the municipal criminal court of the city of Tulsa, Oklahoma, with the offense of operating a motor vehicle over and upon a public street in said city while his driver's license was suspended, as a second and subsequent offense. Defendant entered a plea of guilty, and was sentenced to three months imprisonment in the county jail, and fined $250. From said judgment and sentence this attempted appeal has been taken.

This attempted appeal must fail for two reasons. First, because the casemade fails to contain a formal judgment and sentence, which is fatal to the appeal. In Smith v. State, Okl.Cr., 362 P.2d 113, this Court said:

"It has been repeatedly held that this Court does not acquire jurisdiction in an appeal by transcript where transcript or casemade contains no copy of the judgment of the trial court, and under such conditions the appeal will be dismissed. Patton v. State, 60 Okl. Cr. 409, 64 P.2d 1245; Payne v. State, 84 Okl.Cr. 166, 180 P.2d 193; State v. Smith, Okl.Cr., 268 P.2d 587."

A mere recital in the clerk's minutes, transcribed into the record, does not constitute a judgment, and, where the judgment of the trial court sought to be appealed from does not appear in the record, this court has no jurisdiction to review the case on appeal.

Second, the appeal must be dismissed because the judgment and sentence was entered on May 11, 1962 and time extended for prefecting appeal 60–10–5 days from that date. On July 9, 1962 time was extended 30 days to make and serve casemade, but no order was made extending time for perfecting the appeal. Hence the time for perfecting the appeal expired with the original 60 days granted perfecting the same. The appeal was filed herein on August 25, 1962. The 30 days extension to prepare, sign and serve the casemade was of no avail in keeping the appeal alive, since an order extending time to make and serve casemade does not automatically extend the time in which to file the appeal. Seabolt v. State, Okl.Cr., 357 P.2d 1014.

The attempted appeal is accordingly dismissed.

BUSSEY, P. J., and NIX, J., concur.