**George TREAT, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. 13692.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1965.

W. S. Agent, Sallisaw, for plaintiff in error.

Charles R. Nesbitt, Atty. Gen., of Oklahoma, for defendant in error.

BUSSEY, Presiding Judge.

On the 7th day of May, 1965, George Treat filed in this Court a Petition in Error with casemade attached. Thereafter, on the 1st day of October, 1965, the State of Oklahoma, by and through its Attorney General, filed a Motion to Dismiss the attempted appeal on the grounds that casemade does not contain a copy of any judgment and sentence rendered in the court below; that the only reference to judgment and sentence is that part of the proceedings transcribed by the court reporter and appearing at page 136–B of the casemade.

This cause was assigned for oral argument on the 27th day of October, 1965, and neither the Plaintiff in Error, nor his attorney, appeared, nor was a response filed to the State's Motion to Dismiss. This cause was submitted on the record and the State's Motion to Dismiss.

The only reference to the judgment and sentence imposed by the court appears in the record at page 136–B, where the following proceedings were had:

"MR. AGENT: Make a notation that notice is hereby given in open court of the defendant's intention to appeal to the Court of Criminal Appeals of the State of Oklahoma.

THE COURT: Yes, sir; let the record so show.

MR. AGENT: And we desire sufficient time to prepare and serve a casemade.

THE COURT: Yes, sir; it will be the usual time, whatever the statute is on it. Then with that understanding the defendant will be sentenced.

MR. AGENT: Let me check here.

THE COURT: The sentence in no way would stand in the way of your appeal from the judgment and sentence.

MR. AGENT: That's right. All right. Stand up, George

THE COURT: Mr. Treat, a jury has found you guilty as charged by the State and I believe they fixed the sentence at one year in the County Jail, sentence to begin on this date. And they have recommended a suspended sentence and that is their perogative. I feel that otherwise they wouldn't have gone along with a conviction. They took this into consideration. So I will suspend the sentence pending good behavior. So that's all as far as this case is concerned."

In Smith v. State, Okl.Cr., 362 P. 2d 113, an almost identical recital in the record was held insufficient to meet the requirements of casemade and the appeal was dismissed. In Greenwood v. State, Okl.Cr., 375 P.2d 661, this Court stated:

"No particular language, or form of words, is necessary in rendering and recording a judgment of conviction in a criminal cause, but the term 'judgment' within the meaning of Title 22 O.S.A. § 1051 must be in writing and contain these recitations: (1) The date when judgment was rendered, (2) Against whom and for what offense, (3) That sentence was pronounced in accordance with the verdict; and, (4) The signature of the judge of said court."

It is readily apparent that the proceedings contained at page 136–B does not conform to the requirements set forth in Greenwood, supra.

We have uniformly held that where casemade does not contain formal judgment and sentence, the record cannot be considered even as a transcript, and the appeal will be dismissed.

For suggested forms of judgments and sentences, see Greenwood v. State, supra.

For all of the reasons above set forth, the attempted appeal is dismissed and the Clerk of this Court is directed to forthwith issue the mandate.

Appeal dismissed.

NIX and BRETT, JJ., concur.