**Bennie Harold DOBBS, Plaintiff in Error,**

v.

**CITY OF TULSA, Defendant in Error.**

**No. A–13052.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1961.

Joe Tom Smith, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Charles Norman, City Atty., William D. Borders, Asst. City Atty., Tulsa, for defendant in error.

BUSSEY, Judge.

Plaintiff in error, Bennie Harold Dobbs, hereinafter referred to as defendant was charged in the Municipal Criminal Court of the City of Tulsa, Oklahoma, with the offense of reckless driving in violation of Ordinance 7110, Section 64, of the City of Tulsa. He was arraigned before the honorable John M. Imel, Judge of the Munici-pal Criminal Court of Tulsa, and entered a plea of guilty. The minutes of the court reflect that on January 10, 1961, he was sentenced to serve a term of 30 days in the City Jail and pay a fine of $150. On January 17, 1961, he filed a motion for new trial and the same was overruled. The defendant thereafter attempted to perfect an appeal to this court. This cause was set for oral argument on the 26th of July and was submitted on the record and brief of the defendant.

11 O.S.(1951) § 765 provides:

"Appeals may be taken from the judgment or order of municipal criminal courts in cities of a population of more than 100,000 according to the last preceding Federal Decennial Census to the Criminal Court of Appeals in the same manner and to the same extent that appeals are now taken from the County Courts to the Criminal Court of Appeals in criminal matters, and no appeals other than those herein provided shall be allowed."

It is clear that in order to perfect an appeal either by transcript or by casemade from the Municipal Criminal Court of the City of Tulsa the record must contain a copy of the formal judgment and sentence as is required when an appeal is taken from County Court.

We have carefully examined the record in the instant case and find that no formal judgment and sentence is contained therein. Our court has repeatedly held that a record cannot be considered even as a transcript when casemade does not contain a formal judgment and sentence. This court does not acquire jurisdiction in an appeal by transcript where transcript or casemade contains no copy of the judgment of the trial court, and under such conditions the appeal will be dismissed. Smith v. State, Okl.Cr., 362 P.2d 113; Loyd v. State, 12 Okl.Cr. 82, 151 P. 1190; Mitchell v. State, 17 Okl.Cr. 513, 190 P. 268.

Appeal dismissed.

NIX, P. J., and BRETT, J., concur.